ROBERT L. SIMPSON ET AL., APPELLEES AND CROSS-APPELLANTS, V. ORAN D. SIMPSON ET AL., APPELLANTS AND CROSS-APPELLEES.

232 N. W. 2d 132

Filed August 7, 1975. No. 39860.

Firmin Q. Feltz of Feltz & Hays and Arthur R. Johnson, for appellants.

Dale A. Romatzke of Maupin, Dent, Kay, Satterfield, Girard & Scritsmier, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The District Court, in this case, granted summary judgment to the plaintiffs, Robert Simpson and his wife, enforcing specific performance of an agreement for the dissolution of a partnership. The defendants, Oran Simpson and his wife, appeal. We affirm the judgment of the District Court.

The facts in this case cover a span of years beginning on April 20, 1957, until October 18, 1969, a period during which Robert Simpson and his brother, Oran Simpson, operated a farm in the Sandhills which they had purchased from their parents, under a partnership agreement using the name of Simpson Land and Cattle Company. On October 18, 1969, the plaintiff and the defendant entered into an "Agreement for Dissolution of Partnership." The agreement stated that each party was to appoint an appraiser and that these two appraisers would appoint a third appraiser. The appraisers were to be familiar with values of ranch property in the Sandhills area and with Sandhills ranching operations. The agreement provided that the decision of a majority of the appraisers *would be final and conclusive.* The agreement provided that the appraisers would value the land so as to make possible an equitable division. None of the land was to be sold, and each party was to be allocated the tract of land upon which he lived, "together with additional land which shall constitute a fair and equitable division." The division of the partnership livestock was to be in kind, none of it to be sold, and the appraisers to divide it between them. The appraisers were to inspect all personal property of the partnership and make an equitable division. The agreement provided that either party had a right to express a desire to own any specific article of the personal property at a price set by the appraisers. If both parties desired the same article, then "the appraisers shall make the best

decision possible," including the sale of the item. The agreement also provided for the appraisers to determine an equitable settlement of money and accounts, referring to the bank balance, funds on hand, accounts payable and receivable, and claims of the partners for money from the partnership.

Pursuant to the agreement for dissolution of partnership, three appraisers were appointed. They made a report on the division. The report divided up the real estate and went into considerable detail in dividing up the personal property of the partnership. The report also allocated partnership funds to the defendant for wages paid to the plaintiff's sons in 1969 and the report also provided that any partnership funds on hand or to be received were to be equally divided between the partners.

A dispute arose on the appraisers' report, and the plaintiff brought this action asking for specific performance of the dissolution agreement in accordance with the appraisers' report. The District Court granted the plaintiffs' motion for summary judgment. The sole question presented for our decision is whether there is a genuine issue as to any material fact so as to entitle the plaintiff to a judgment as a matter of law. Green v. Village of Terrytown, 189 Neb. 615, 204 N. W. 2d 152.

We summarize the defendant's assignments of error. He argues that there are two distinct factual issues to be decided. First, the defendant contends that the division by the appraisers was inequitable, and secondly, he contends that the appraisers failed to comply with the dissolution agreement.

At the outset we observe that in the "Agreement for Dissolution of Partnership," the arbitration agreement, both parties agree "that the decision of two-thirds (2/3rds) majority of the Board of Appraisers (of three) shall be final and conclusive as to both parties." This type of arbitration agreement has long been held to be valid and enforceable in our state. An arbitration agree-

ment is used as a convenient tool to settle disputes without going to court and to promote the peaceful settlement of disputes. The grounds for impeachment of the agreement and the decision of the arbitrators are necessarily narrow, in order to accomplish the public policy objective of an arbitration agreement. The range of the impeachment inquiry has long been settled in Nebraska. "An award, whether under the statute or common law is, *in the absence of fraud or mistake,* binding upon the parties thereto, and the burden of alleging and proving its invalidity rests upon the party seeking to impeach it." (Emphasis supplied.) Connecticut Fire Ins. Co. v. O'Fallon, 49 Neb. 740, 69 N. W. 118. The general policy of the courts is that an arbitration award should not be set aside as inequitable unless it is grossly excessive and shocks the conscience of the court. See 6 C. J. S., Arbitration and Award, § 90, p. 236.

As we view the record, the District Court's judgment that the record was devoid of any genuine issue of fact as to fraud and mistake in the formation or the execution of the appraisers' report is correct.

We deal in detail with the defendant's contention, realizing that the record must demonstrate that there is no genuine issue of fact in this case. Seeking to impeach the judgment of the appraisers, despite the agreement, the defendant contends that there was a genuine issue of fact as to whether the appraisers complied with the provisions of the dissolution agreement. He then argues that since they did not comply in detail with the arbitration agreement, that he is entitled to, in effect, a full court hearing on the merits on the dissolution of the partnership. It is true the appraisers had only that power which they received in the dissolution agreement, and further they were bound by the provisions of the agreement. As we analyze the extensive argument of the defendant, he argues that the appraisers failed to comply with the dissolution agreement in four respects. First, the defendant alleges that the appraisers neglected

to value the land which was to be divided in kind, with each party receiving a portion of the land upon which his home was situated. Second, he states that there is a genuine issue of fact because the appraisers failed to adjust the partnership accounts for three claims of the defendant, for pasture rent, for a $1,700 difference in checks written by each party on the partnership account, and for $480 due from the partnership for a difference of oil and gas purchased by the parties and charged to the partnership. Third, the appraisers allegedly failed to inspect all the personal property. Fourth, the appraisers failed to sell various articles of personal property which the defendant desired to purchase from the partnership under the terms of the agreement.

In determining if the appraisers failed to comply with the dissolution agreement, the agreement must first be interpreted. In construing an agreement for arbitration, a particular clause or phrase should not be viewed in isolation. Fragmenting a contract for arbitration out of context, and then applying a literal interpretation to the isolated words and phrases thus separated is not permissible. A contractual arbitration agreement is subject to the general rule for the construction of contracts that the entire instrument must be considered as a whole. See, Westbrook v. Masonic Manor, 185 Neb. 660, 178 N. W. 2d 280; Restatement, Contracts, § 228. In addition, the use of words or phrases having a breadth of meaning and application, should be interpreted in light of all the circumstances accompanying the transaction. See Restatement, Contracts, § 228.

The circumstances of this case conclusively show that the two brothers jointly owned their parents' farm, and wanted to dissolve their partnership in 1969. In this somewhat informal situation, the main goal of the dissolution agreement was to divide the property. The appraisers accomplished this goal. The provisions which the defendant contends were violated must be viewed in light of the circumstances surrounding the general

purpose of the dissolution agreement. We observe that the overall purpose and objective of the arbitration agreement setting up the function of the appraisers were simply to divide up the property, for the reason that the two brothers themselves could not agree as to many of the minor details winding up a 12-year performance and arrangement in the partnership agreement. They decided to end their argument, not by going to court, but by providing that a vote of two-thirds of the appraisers should become final and binding on each party. Under the settled law, such an agreement and such a general purpose does not permit a post-appraisal reargument as to whether the arbitrators were precisely correct as to the minute details of the division which the arbitration contract provided for. The fundamental purpose of the arbitration agreement was to accomplish a division of the property, and not to set up the arbitrators' decision as a further and additional ground for court dispute.

The finality of the appraisers' decision and report and their performance thereunder is protected, in the absence of fraud or mistake. There is a legal presumption that the arbitrators followed the arbitration agreement. The burden is on the party challenging the award to show that there was fraud or mistake or nonperformance of their duties, in order to impeach the award. See Sides v. Brendlinger, 14 Neb. 491, 17 N. W. 113.

As we view the record, giving all reasonable inferences to the defendant, in light of the standards that must be met, there is no genuine issue of fact that the appraisers did not substantially comply with their duties under the dissolution agreement or that there was any evidence of fraud or mistake.

The defendant contends that the appraisers did not value the land as required by the dissolution agreement. But the record demonstrates conclusively that the appraisers must have valued the land in order to divide it. The defendant admits that the appraisers viewed all the

real estate before making a division of the land. Moreover, under the terms of the agreement, the appraisers were to be selected on the basis of their thorough understanding of the values of ranch property in the area. What the defendant is really arguing is that their report did not publish or articulate a detailed method of appraisal and conclusions as to all the factors that go into evaluating the property. We observe again that the property had to be divided in kind, preserving to each one of the brothers his homestead. It is inconceivable that the appraisers would not decide on the value of the land before dividing it up. We observe that despite the difficulty of the appraisers' task in achieving a division in kind, the defendant received 48.63 percent of the land area involved. On its face this would appear to be far short of any showing or proof of any genuine issue of fact that the award was grossly inadequate. We point out again that the legal presumption, unless the contrary appears, is that arbitrators decide all matters submitted to them. Sides v. Brendlinger, *supra*; In re Arbitration of Johnson, 87 Neb. 375, 127 N. W. 133. Arbitrators are not bound to go into the particulars and to articulate and assign reasons or detailed computations in their award, any more than a jury is required to do so in rendering a verdict. The duty is best discharged by simple announcement of the result of their investigations. In 5 Am. Jur. 2d, Arbitration and Award, § 126, p. 614, the following general rule is stated: "Arbitrators need not disclose the facts or reasons behind their award unless the arbitration agreement or submission, or an applicable statute, requires them to do so. Otherwise, they are no more bound to go into particulars, or to give reasons for their award, than a jury is for its verdict. When acting within the scope of their authority, being the chosen judges of the parties and a law unto themselves, they may award according to their notions of justice and without assigning any reason." And, in In re Arbitration of Johnson, *supra,* passing on

the same point, this court observed: "Special findings were not required by the terms of the submission. * * * In this condition of the record the general finding will be held sufficient." The only requirement, in this case, was that the award be reduced to writing which was undisputedly complied with by the appraisers in their written report. We reject the contention of the defendant, although ably argued, which is to the effect that the absence of findings and reasons for the appraisers' award is per se proof of the failure to consider and pass on the matters which were submitted to them for determination.

The defendant contends that the appraisers did not properly adjust the partnership accounts, more specifically, the defendant's claim for pasture rent, an alleged $1,700 difference in checks written by each party on the partnership account, and $480 allegedly due from the partnership for a difference of gas and oil purchased by the parties and charged to the partnership. Again, while the appraisers' report did not compute in writing or give a detailed analysis of their division, there is no evidence to indicate that the appraisers neglected or did not consider such claims. It appears from the record that the appraisers obviously either set off the conflicting claims of the parties or did not recognize the defendant's claim as legitimate. The appraisers were merely performing their duty, and there is a presumption in their favor that they considered all matters submitted to them. There is no merit to this contention.

The defendant argues that the dissolution agreement requires that the appraisers personally inspect every individual piece of personal property, including tools, owned by the partnership. As we read the entire agreement, the inspection of every individual piece of personal property, probably consisting of hundreds or thousands of items, was not the goal of the parties. Moreover, in the defendant's answers to the plaintiff's requests for admissions, the defendant admitted that the

appraisers "went to and inspected the property owned by the partnership, together with all of the real estate involved in this action on several occasions." In the light of this admission, and giving it its fair interpretation, the defendant cannot now argue, from hindsight, that the appraisers did not inspect all the property and did not perform their duties.

Finally, the defendant contends that the appraisers violated the dissolution agreement by not permitting the defendant to purchase certain personal property which belonged to the partnership. However, the appraisers had no duty under the contract to permit such action on the part of either party. The dissolution agreement is permissive, and merely states that "either of these parties may, if they wish, express a desire to own any separate article at the price set thereon by the appraisers." This language clearly does not compel the appraisers to sell any of the partnership's personal property to either one of the parties.

Other contentions of the defendant have been examined and are without merit. In the light of our determination herein it is unnecessary for us to pass upon or decide the procedural question asserted on cross-appeal.

The decision of the District Court is correct and is affirmed.

AFFIRMED.