SAMMIE JONES, DOING BUSINESS AS JONES DRYWALL, APPELLEE, V. SUMMIT LIMITED PARTNERSHIP FIVE, A SOUTH DAKOTA LIMITED PARTNERSHIP, AND THE SUMMIT GROUP, INC., A SOUTH DAKOTA CORPORATION, APPELLANTS.

635 N.W.2d 267

Filed November 9, 2001. No. S-00-630.

Timothy R. Engler and Karen A. Haase, of Harding, Schultz & Downs, for appellants.

Stuart Tiede, of Woods, Fuller, Schultz & Smith, P.C., and Jane F. Langan and Britt J. Ehlers, of Rembolt, Ludtke & Berger, L.L.P., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

This case arises from a contract dispute between Sammie Jones (Jones) and The Summit Group, Inc., a general contractor

affiliated with Summit Limited Partnership Five (collectively The Summit Group). After the dispute was submitted to arbitration, The Summit Group requested that the district court modify or correct the arbitrator's award pursuant to Neb. Rev. Stat. § 25-2614(a)(1) (Reissue 1995). The district court denied the request and confirmed the award. The Summit Group appealed.

## FACTUAL BACKGROUND

Jones, an individual doing business as Jones Drywall, contracted to do painting and drywalling on a hotel owned by The Summit Group in Lincoln, Nebraska. The Summit Group was displeased with Jones' work and his staffing of the job, and eventually terminated its contractual relationship with Jones.

On July 30, 1998, Jones filed a construction lien against the hotel and a construction lien foreclosure petition and praecipe in Lancaster County District Court. The parties thereafter filed a joint stipulation to arbitrate the dispute and agreed to stay the district court proceedings pending the outcome of the arbitration. The district court ordered the stay.

The parties arbitrated their dispute. The record before this court regarding the proceedings before the arbitrator includes only the two-page arbitration award and the one-page order of the arbitrator denying modification. The arbitrator entered his award on February 25, 1999. In the award, the arbitrator awarded Jones $40,195.47, itemized as follows:

| | |
|---|---|
| Drywall Contract Damages Total | $31,031.59 |
| Painting Contract Damages Total | 9,163.88 |
| Total | $40,195.47 |

The arbitrator also awarded The Summit Group $10,019.40, itemized as follows:

| | |
|---|---|
| Custom Drywall Systems | $11,453.00 |
| E&K Drywall | 21,112.00 |
| Performance Coatings | 18,800.00 |
| Payment to Tim Rogers | 600.00 |
| Extra staff to clean paint and texture from Fixtures, tubs, etc. | 1,092.00 |
| Sub-total | $53,057.00 |
| Less Contract Amounts Not Paid to Jones | <43,037.60> |
| Total | $10,019.40 |

In sum, the arbitrator found $40,195.47 in damages to Jones and $10,019.40 in damages to The Summit Group, resulting in an award of $30,176.07 to Jones.

On March 17, 1999, Jones applied to the district court for confirmation of the arbitration award. That same day, The Summit Group filed an application for modification of the award with the arbitrator in accordance with Neb. Rev. Stat. § 25-2610 (Reissue 1995). The arbitrator refused to modify the prior award and denied the application.

The Summit Group then filed a motion in the district court, requesting modification or correction of the arbitrator's award pursuant to § 25-2614(a)(1). The Summit Group asserted that the arbitrator granted Jones a double recovery by awarding Jones $40,195.47 for "Drywall Contract Damages" and "Painting Contract Damages," while deducting $43,037.60 for "Contract Amounts Not Paid to Jones" from The Summit Group's award. The district court denied The Summit Group's motion and confirmed the arbitrator's $30,176.07 award to Jones. The court found there was not an "evident miscalculation of figures" under § 25-2614(a)(1).

The Summit Group appealed to the Nebraska Court of Appeals, which, in *Jones v. Summit Group, Inc.*, 8 Neb. App. lxvii (case No. A-99-1090, Jan. 18, 2000), dismissed the appeal without opinion and remanded to the district court for reasons unrelated to this appeal. Jones thereafter moved for summary judgment in the district court requesting that court to enter a final judgment in the amount of the arbitration award. The district court entered judgment for Jones. The Summit Group appealed.

## ASSIGNMENTS OF ERROR

The Summit Group assigns that the district court erred as a matter of fact and law in refusing to alter or amend the arbitrator's award.

## STANDARD OF REVIEW

■ In reviewing a district court's decision to vacate, modify, or confirm an arbitration award under Nebraska's Uniform Arbitration Act, this court is obligated to reach a conclusion independent of the trial court's ruling as to questions of law. However, the trial court's factual findings will not be set aside

on appeal unless clearly erroneous. See *Dowd v. First Omaha Sec. Corp.*, 242 Neb. 347, 495 N.W.2d 36 (1993).

## ANALYSIS

### QUESTION OF LAW

The Summit Group asserts that the arbitrator's award contains an "evident miscalculation of figures" under § 25-2614(a)(1), justifying a modification or correction of the arbitrator's award. Under Nebraska's Uniform Arbitration Act, a district court may modify or correct an arbitration award when one of the limited grounds listed in § 25-2614 exists. The Summit Group relies on § 25-2614(a)(1), which states, "[T]he court shall modify or correct the award when: (1) There was an evident miscalculation of figures."

This court has not previously addressed what constitutes an "evident miscalculation of figures" under § 25-2614(a)(1). However, § 25-2614(a)(1) is similar to 9 U.S.C. § 11(a) (1994) of the federal Arbitration Act ("evident material miscalculation of figures") and identical to the Unif. Arbitration Act § 13(a)(1), 7 U.L.A. 409 (1997) ("evident miscalculation of figures"), which has been adopted in other states. Accordingly, we look to federal and state decisions interpreting similar portions of the Uniform Arbitration Act and the federal Arbitration Act for guidance in construing § 25-2614(a)(1). See, e.g., *Father Flanagan's Boys' Home v. Agnew*, 256 Neb. 394, 590 N.W.2d 688 (1999) (in interpreting state statute, court may look to federal court decisions construing similar federal statute); *FirstTier Bank v. Triplett*, 242 Neb. 614, 497 N.W.2d 339 (1993) (stating that other jurisdictions' opinions were persuasive in case of first impression in Nebraska under Uniform Commercial Code).

Various courts have defined what constitutes an evident miscalculation in the context of reviewing an arbitrator's decision. In the federal courts, the Eighth Circuit has defined an "evident material miscalculation of figures" under 9 U.S.C. § 11(a) of the federal Arbitration Act as a "mathematical mistake." *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 749 (8th Cir. 1986). The Fifth and Sixth Circuits have found that an evident material miscalculation occurs only " ' "[w]here the record that was before the arbitrator demonstrates an unambiguous

and undisputed mistake of fact . . . by the arbitrator in making his award . . . ."'" *McIlroy v. PaineWebber, Inc.*, 989 F.2d 817, 821 (5th Cir. 1993), quoting *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210 (5th Cir. 1993). Accord *National Post Office v. U.S. Postal Service*, 751 F.2d 834 (6th Cir. 1985). The Fourth Circuit has defined "evident material miscalculation" as a " 'mathematical error appear[ing] on the face of the award.'" *Apex Plumbing Supply v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998). See, also, *Atlantic Aviation, Inc. v. EBM Group, Inc.*, 11 F.3d 1276, 1284 (5th Cir. 1994) ("clerical error which may be corrected without disturbing the merits of the arbitrators' decision").

State courts similarly define an "evident miscalculation of figures" under the Uniform Arbitration Act in very narrow terms. See, e.g., *Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo. App. 1989) (only mathematical errors that do not alter award on merits); *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 413, 255 S.E.2d 414, 419 (1979) ("mathematical errors committed by arbitrators which would be patently clear to a reviewing court"). As perhaps best stated in *Severtson v. Williams Const. Co.*, 173 Cal. App. 3d 86, 93, 220 Cal. Rptr. 400, 404 (1985), an evident miscalculation is " 'something which is apparent by an examination of the [document], needing no evidence to make it more clear.' "

The Summit Group relies principally upon *Laurin Tankers America v. Stolt Tankers*, 36 F. Supp. 2d 645 (S.D.N.Y. 1999), in support of its contention that the definition of evident miscalculation of figures should include miscalculations which are not clearly apparent on the face of the award. In *Laurin Tankers America*, the district court modified an arbitrator's award under the federal Arbitration Act. The district court found that the arbitrator, in calculating damages, mistakenly used a sea vessel's total estimated fuel consumption for an entire voyage as the daily estimated rate of fuel consumption, resulting in a much larger deduction to the amount of the petitioner's recoverable damages. The court stated that the error "should have been 'evident' to anyone familiar with the industry," *id.* at 651, and that "in proper circumstances, a reviewing court may look beyond 'the face of the award.' " *Id.* at 652.

The decision in *Laurin Tankers America*, however, differs from this case. In *Laurin Tankers America*, the arbitrators acknowledged their erroneous calculation. Furthermore, the court in *Laurin Tankers America* found that the parties had agreed "on the vessel's rates of fuel consumption to be used in calculating [the petitioner's] damages." 36 F. Supp. 2d at 651. Such agreement among the parties and the arbitrator does not exist in this case. For these reasons, we decline to follow *Laurin Tankers America*.

■ As noted by the Fourth Circuit in *Apex Plumbing Supply v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998), "[r]eview of an arbitrator's award is severely circumscribed." Appellate review of an arbitrator's award is necessarily limited because "to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Id.* "[S]trong deference [is] due an arbitrative tribunal." *McIlroy v. PaineWebber, Inc.*, 989 F.2d 817, 820 (5th Cir. 1993). Furthermore, " '[w]hen . . . parties [agree] to arbitration, they [agree] to accept whatever reasonable uncertainties might arise from the process.' " *Id.* at 821, quoting *Raiford v. Merrill Lynch, Pierce, Fenner & Smith*, 903 F.2d 1410 (11th Cir. 1990). Based on the foregoing rationale, a carefully circumscribed definition of evident miscalculation of figures is appropriate. Accordingly, we determine that under § 25-2614(a)(1) of the Uniform Arbitration Act, an "evident miscalculation of figures" occurs when there is a mathematical error in the arbitration award that is both obvious and unambiguous.

## QUESTION OF FACT

The Summit Group contends that the arbitrator's award contains an error on the face of the award that is "obvious, indisputable and clear." Brief for appellants at 24. While a plausible argument can be made that there is some inconsistency in the arbitrator's award, we cannot say that the district court was clearly erroneous in finding that there was no evident miscalculation of figures. In the arbitrator's itemization of damages, it is not clear whether the distinctly labeled "Drywall Contract Damages" and "Painting Contract Damages" are equivalent to "Less Contract Amounts Not Paid to Jones," particularly when

the dollar amount is not identical. As the trial court observed in its order:

> The various elements of damage in [the] arbitrator's award are not at all clear. . . . It is noted that the amount of the deduction ($43,037.60) is not identical to the amount of the damages awarded to [Jones]. While this may be confusing and even suspicious that there may be duplication, that is not sufficient under the law. The duplication must be clear, conclusive, or undisputable, in other words, evident. It is not.

We further note that Jones has disputed any modification of the award from the start. Compare *Cole v. Hiller*, 715 So. 2d 451 (La. App. 1998) (granting modification in case where parties jointly asked arbitrator to review arbitration award).

■ "[T]he burden of alleging and proving [an arbitration award's] invalidity rests upon the party seeking to set aside the decision." *Babb v. United Food & Commercial Workers Local 271*, 233 Neb. 826, 833, 448 N.W.2d 168, 172 (1989). To find an evident miscalculation in the arbitrator's award would require the district court to delve into a legal interpretation of the categories of the arbitrator's award and make assumptions not present on the face of the award. Furthermore, because the record does not contain the evidence presented to the arbitrator, any attempt to modify the figures as determined by the arbitrator would be pure speculation on the part of the district court. This type of analysis is not permissible in reviewing an arbitration award for an evident miscalculation of figures. "[W]here arbitration is contemplated the courts are not equipped to provide the same judicial review given to structured judgments defined by procedural rules and legal principles. Parties should be aware that they get what they bargain for and that arbitration is far different from adjudication." *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 751 n.12 (8th Cir. 1986). The district court was not clearly erroneous in finding that The Summit Group failed to show an "evident miscalculation of figures" under § 25-2614(a)(1).

## CONCLUSION

The district court's confirmation of the award is affirmed.

AFFIRMED.