RICHARD HARTMAN AND PATRICIA HARTMAN, HUSBAND
AND WIFE, APPELLEES, V. CITY OF GRAND ISLAND,
A POLITICAL SUBDIVISION, APPELLANT.
657 N.W.2d 641

Filed March 7, 2003.   No. S-02-098.

Charles J. Cuypers, Grand Island City Attorney, and John R. Brownell, of Lauritsen, Brownell, Brostrom, Stehlik, Thayer & Myers, for appellant.

Vincent Valentino, of Angle, Murphy, Valentino & Campbell, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

This is an appeal from an order of the district court for Hall County confirming an arbitration award entered on July 20, 2001, in favor of Richard Hartman and Patricia Hartman and against the City of Grand Island, Nebraska, and entering judgment thereon. We affirm.

## FACTS

The Hartmans claim that the city's operation of a coal-fired power plant near their property caused damage to their home

and outbuildings. In the summer of 2000, the parties decided to resolve their dispute through arbitration. The parties agreed upon an arbitration panel consisting of three members, with one appointed by the city, one appointed by the Hartmans, and one appointed jointly by the parties. They further agreed that the arbitration would be binding on all parties.

In a letter to the parties dated July 20, 2001, the arbitrators resolved the claim in favor of the Hartmans and awarded them $100,000. John Higgins, one of the arbitrators, prepared the award letter at the request of and in the presence of the other two panel members. The award was signed "THE BOARD OF ARBITRATORS By John R. Higgins, Jr.," but was not signed by the other two arbitrators.

In September 2001, the Grand Island City Attorney contacted Higgins and requested a letter of clarification based on his concern that the award letter did not include sufficient detail. Higgins independently drafted a letter explaining the methodology used to reach the award and setting forth the documents reviewed by the arbitrators. This letter was also signed only by Higgins.

The city council declined to treat the arbitration award as binding, and consequently, the Hartmans filed a petition for confirmation of arbitration award on October 22, 2001. In its answer, filed December 4, 2001, the city affirmatively alleged that the arbitration was not binding. The city also alleged that the award was "inequitable, grossly excessive, and will shock the conscience of the Court" and that it "is void for the reason that the award or decision was not signed by all arbitrators as required by law." On December 6, 2001, the Hartmans filed a reply alleging that the city had waived any right to challenge the decision or award of the arbitrators by failing to timely comply with Neb. Rev. Stat. § 25-2613(b) (Cum. Supp. 2002).

After an evidentiary hearing, the district court confirmed the award by entering judgment in conformity therewith in favor of the Hartmans and against the city in the amount of $100,000. The city then perfected this timely appeal.

## ASSIGNMENTS OF ERROR

The city assigns that the district court erred (1) in determining that the arbitration award was valid despite the fact that all

of the arbitrators did not sign the agreement and (2) by not finding that the arbitration award was inequitable.

## STANDARD OF REVIEW

█ In reviewing a district court's decision to vacate, modify, or confirm an arbitration award under Nebraska's Uniform Arbitration Act, an appellate court is obligated to reach a conclusion independent of the trial court's ruling as to questions of law. However, the trial court's factual findings will not be set aside on appeal unless clearly erroneous. *Jones v. Summit Ltd. Partnership Five*, 262 Neb. 793, 635 N.W.2d 267 (2001).

█ Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Egan v. Stoler, ante* p. 1, 653 N.W.2d 855 (2002); *Governor's Policy Research Office v. KN Energy*, 264 Neb. 924, 652 N.W.2d 865 (2002).

## ANALYSIS

The district court determined that this case is governed by the Uniform Arbitration Act, Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 1995 & Cum. Supp. 2000). Neither party has taken exception to this determination, and we agree that the arbitration at issue here is governed exclusively by state law.

The city's first assignment of error concerns the refusal of the district court to invalidate the award based upon the fact that it was signed by only one of the three arbitrators. Section 25-2609(a) provides in pertinent part that "[t]he award shall be in writing and signed by the arbitrators joining in the award." The record reflects that Higgins prepared the July 20, 2001, letter setting forth the award at the request of the other two arbitrators and in their presence. Higgins testified at the confirmation hearing that this letter constituted the award that the arbitrators intended to issue. With the specific consent and approval of the other two arbitrators, Higgins signed the award letter on behalf of the panel. It is thus clear from the record that the failure of two of the three arbitrators to sign the award in strict compliance with § 25-2609(a) constitutes a defect as to the form of the award, but not as to its substance.

The Uniform Arbitration Act provides a party with two alternative remedies applicable in this circumstance. First, § 25-2614(a) provides: "Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award when: . . . (3) The award is imperfect in a matter of form, not affecting the merits of the controversy." Second, § 25-2610 provides that the arbitrators may modify or correct an award imperfect in a matter of form upon application of a party "made within twenty days after delivery of the award to the applicant." Because the city did not utilize either of these statutory procedures, the district court correctly determined that its attempt to assert the issue as a defense to confirmation of the award was improper and untimely.

The city also assigns that the district court erred in not determining that the award was inequitable. The district court viewed its power to vacate the arbitration award on substantive grounds as circumscribed by § 25-2613. This statute enumerates specific grounds upon which a court may vacate an arbitration award upon the application of a party filed within 90 days after delivery of a copy of the award to the applicant or if vacation is premised upon "corruption, fraud, or other undue means," within 90 days after such grounds are known or should have been known. § 25-2613(b). The city did not file an application to vacate the award pursuant to § 25-2613. However, the city argues that notwithstanding the provisions of the Uniform Arbitration Act, the district court had common-law authority to review the evidence submitted to the arbitrators to determine "whether or not the award is grossly inequitable." Brief for appellant at 5.

The city relies upon the general principle stated in *Simpson v. Simpson*, 194 Neb. 453, 456, 232 N.W.2d 132, 136 (1975), that "an arbitration award should not be set aside as inequitable unless it is grossly excessive and shocks the conscience of the court." The city argues that our reiteration of this principle in *Babb v. United Food & Commercial Workers Local 271*, 233 Neb. 826, 448 N.W.2d 168 (1989), represents "the common law of arbitration as it exists after the 1987 adoption of the Uniform Arbitration Act." Brief for appellant at 5. This is an incorrect interpretation of *Babb*. The Uniform Arbitration Act applies only to agreements made subsequently to August 30, 1987. § 25-2621. The agreement

to arbitrate which we considered in *Babb* was included in a merger agreement between two labor unions executed on August 12, 1983, and effective September 1 of that year. Although *Babb* was decided after the effective date of the Uniform Arbitration Act, the operative facts occurred prior to that date and the opinion makes no reference to the act.

The role of the court in the post-1987 arbitration process is specifically addressed and limited by the Uniform Arbitration Act. Section 25-2618(a) provides: "The term court shall mean any district court of this state. The making of an agreement described in section 25-2602.01 providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under the Uniform Arbitration Act and to enter judgment on an award thereunder." Section 25-2612 provides: "Within sixty days of the application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 25-2613 and 25-2614."

As noted, in this case, the city did not file an application to modify or correct the award pursuant to § 25-2614, nor did it file an application to vacate the award pursuant to § 25-2613. Moreover, § 25-2613 does not include any authorization for a court to vacate an arbitration award on grounds that it is excessive or inequitable. Section 25-2613(a)(6) specifically provides: "The fact that the relief was such that it could not or would not be granted by a court of law or equity is not [a] ground for vacating or refusing to confirm the award." As we recently stated:

> Appellate review of an arbitrator's award is necessarily limited because "to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." . . . "[S]trong deference [is] due an arbitrative tribunal." . . . Furthermore, " '[w]hen . . . parties [agree] to arbitration, they [agree] to accept whatever reasonable uncertainties might arise from the process.' "

(Citations omitted.) *Jones v. Summit Ltd. Partnership Five*, 262 Neb. 793, 798, 635 N.W.2d 267, 271 (2001). Furthermore, " '[w]here arbitration is contemplated the courts are not equipped to provide the same judicial review given to structured judgments

defined by procedural rules and legal principles. Parties should be aware that they get what they bargain for and that arbitration is far different from adjudication.' " *Id.* at 799, 635 N.W.2d at 272. The city's second assignment of error is without merit.

## CONCLUSION

The record reflects that the parties entered into a valid and binding agreement to arbitrate their dispute which was governed by the provisions of Nebraska's Uniform Arbitration Act. The city did not file an application to vacate, modify, or correct the award pursuant to the act, and therefore the district court correctly concluded that the award should be confirmed. The district court's entry of judgment on the award in favor of the Hartmans and against the City of Grand Island in the amount of $100,000 is affirmed.

AFFIRMED.