Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/28/2019 09:07 AM CDT

- 769 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

Ronald J. Palagi, P.C., LLC, and Edrie Arlene
Wheat, appellants, v. Prospect Funding
Holdings (NY), LLC, appellee.

___ N.W.2d ___

Filed April 5, 2019.    No. S-18-193.

1. **Judgments: Arbitration and Award: Federal Acts: Appeal and Error.** In reviewing a decision to vacate, modify, or confirm an arbitration award under the Federal Arbitration Act, an appellate court is obligated to reach a conclusion independent of the trial court's ruling as to questions of law. However, the trial court's factual findings will not be set aside on appeal unless clearly erroneous.

2. **Summary Judgment.** Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

3. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

4. **Arbitration and Award: Federal Acts: Contracts.** Arbitration in Nebraska is governed by the Federal Arbitration Act if it arises from a contract involving interstate commerce; otherwise, it is governed by Nebraska's Uniform Arbitration Act.

5. **Arbitration and Award: Federal Acts: Statutes: Contracts.** When determining if an arbitration clause is governed by Nebraska's Uniform Arbitration Act or the Federal Arbitration Act, the initial question is whether the parties' contract evidences a transaction "involving commerce" as defined by the Federal Arbitration Act.

6. **Arbitration and Award: Contracts: Motions to Vacate.** When arbitration has already occurred and a party seeks to vacate, modify, or

- 770 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

confirm an award, a court's role is limited by the act governing the agreement.

7. **Summary Judgment: Motions for Continuance: Affidavits.** Neb. Rev. Stat. § 25-1335 (Reissue 2016) provides a safeguard against an improvident or premature grant of summary judgment.

8. ____: ____: ____. As a prerequisite for a continuance, or additional time or other relief under Neb. Rev. Stat. § 25-1335 (Reissue 2016), a party must submit an affidavit stating a reasonable excuse or good cause for the party's inability to oppose a summary judgment motion. Such affidavits should specifically identify the relevant information that will be obtained with additional time and indicate some basis for the conclusion that the sought information actually exists.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed.

Ronald J. Palagi and Donna S. Colley, of Law Offices of Ronald J. Palagi, P.C., L.L.C., for appellants.

Adam W. Barney, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee.

HEAVICAN, C.J., CASSEL, STACY, FUNKE, and FREUDENBERG, JJ., and PIRTLE and BISHOP, Judges.

STACY, J.

After selling an interest in her personal injury claim to Prospect Funding Holdings (NY), LLC (Prospect), Edrie Arlene Wheat settled her claim. Thereafter, a dispute arose over the amount due Prospect. Prospect initiated arbitration proceedings against Wheat and the law firm representing her, identified in this case as Ronald J. Palagi, P.C., LLC (Palagi). Neither Wheat nor Palagi participated in the arbitrations, and awards were eventually entered against each of them in favor of Prospect. Wheat and Palagi brought this interpleader action against Prospect in the district court for Douglas County, but did not seek to vacate, modify, or correct the arbitration awards. Prospect filed a motion to confirm the arbitration awards and a motion for summary judgment,

- 771 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

and the district court granted both. Wheat and Palagi appeal.
We affirm.

## BACKGROUND

### AGREEMENT

At all relevant times, Palagi represented Wheat in connection
with her personal injury claim. On July 5, 2016, with Palagi's
knowledge, Wheat and Prospect entered into what was cap-
tioned a "Sale and Repurchase Agreement." Under that agree-
ment, Wheat sold Prospect the rights to any sums recovered on
her personal injury claim, up to $23,120, in exchange for a net
payment of $5,000. The agreement included a "[r]epurchase
[s]chedule" which allowed Wheat to repurchase the proceeds
of her claim for a set amount that increased every 6 months,
up through January 1, 2020. The repurchase schedule applied
a 60-percent annual percentage rate. As relevant here, Wheat
could have repurchased the proceeds of her claim on or before
January 1, 2017, for $8,840.

In the event of a breach, the agreement called for liqui-
dated damages "in the amount of twice the prospect owner-
ship amount regardless of the outcome of the legal claim
or the amount of the proceeds. In addition, [the] breaching
party shall pay for all collection costs, including reasonable
attorney's fees and expenses of [the] non-breaching party."
The agreement also contained an arbitration provision which
expressly referenced the Federal Arbitration Act (FAA)[1] and
provided in relevant part:

The parties waive the right to trial by jury and waive
any right to pursue disputes on a class wide basis in
any action or proceeding instituted with respect to this
agreement. The parties agree that the issue of arbitra-
bility shall be decided by the arbitrator and not by any
other person. That is, the question of whether a dispute
itself is subject to arbitration shall be decided solely by

---

[1] 9 U.S.C. §§ 1 through 16 (2012).

- 772 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

the arbitrator and not, for example, by any court. In so doing, the intent of the parties is to divest any and all courts of jurisdiction in disputes involving the parties, except for the confirmation of the award and enforcement. The [FAA] applies to this agreement and arbitration provision. We each agree that the FAA's provisions—not state law—govern all questions of whether a dispute is subject to arbitration. Any dispute or disagreement between these parties arising under this agreement or otherwise of any nature whatsoever including, but not limited to, those sounding in constitutional, statutory, or common law theories as to the performance of any obligations, the satisfaction of any rights, and/or the enforceability hereof, shall be resolved through demand by any party and/or interested party to arbitrate the dispute in New York in and under the laws of the State of New York and shall submit the same to a neutral arbitration association for resolution pursuant to its single arbitrator, expedited rules. . . . The arbitration decision shall be final and binding in all respects and shall be non-appealable. Any person may have a court of competent jurisdiction confirm the arbitration award as a judgment of such court and enter into its record the findings of such arbitrators for all purposes, including for the enforcement of the award. The prevailing party in any dispute shall be entitled to all reasonable attorneys' fees and costs, expenses and disbursements with respect to such dispute.

The agreement, which was signed by Wheat as the "seller" and a Prospect representative as the "purchaser," included the following paragraph which was signed by Palagi:

[Palagi] hereby certifies to [Prospect] that [Palagi] has reviewed the terms and conditions of this Sales [sic] and Repurchase Agreement and explained such terms and conditions to [Wheat], including all costs and fees and including [Wheat's] ability to repurchase the Prospect

- 773 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

Ownership Amount according to the Repurchase Schedule and Amount of Repurchase. I have a written fee agreement with [Wheat] to pay my fees contingent on the outcome of the case. I agree that all disputes regarding this agreement will be resolved via arbitration and I have explained this to [Wheat]. All proceeds of the legal claim will be disbursed via the attorney's trust account and the attorney is following the written instructions of [Wheat] with regard to this Sale and Repurchase Agreement, and Irrevocable Letter of Directions which [the] attorney has acknowledged.

When Wheat signed the agreement, she also signed an "Irrevocable Letter of Direction" addressed to Palagi. This letter generally instructed Palagi, after payment of all legal fees, to disburse any recovery amounts to Prospect up to the amount covered in the contract before disbursing the remainder to Wheat. The letter also directed that if any dispute arose as to the amount owed to Prospect, Palagi was to pay the non-disputed amount to Prospect and hold the disputed amount in his client trust account until the dispute was resolved through arbitration. The letter included an attorney acknowledgment of all instructions contained therein, and Palagi signed that acknowledgment.

### SETTLEMENT

In December 2016, Wheat settled her personal injury claim for an amount which is not disclosed in the record. Palagi set aside $8,840 of the settlement proceeds—an amount equal to the repurchase amount at that time—in his client trust account and disbursed the remainder of the settlement funds. The record is unclear regarding any attempts made by Wheat or Palagi thereafter to repurchase the proceeds under the terms of the agreement. However, once Prospect learned it would not be paid the full amount due under the agreement, it initiated separate arbitration proceedings—one against Palagi and the other against Wheat.

- 774 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

### Arbitration Proceedings
### and Award

After arbitration proceedings were initiated, "Arbitration Resolution Services" sent an email to Wheat, advising that Prospect had initiated arbitration proceedings and that Wheat "ha[d] failed to sign into the [arbitrator's] website and verify [her] participation in the arbitration." The email warned, "Unless you do so by Feb[.] 02, 2017, the arbitration will proceed without your involvement and an arbitration award may be entered against you." An attorney with the Palagi law firm responded to this email, arguing generally that the agreement was void under Nebraska law. Neither Wheat nor Palagi otherwise participated in the arbitrations, and they were found by the arbitrator to have provided "no response."

On June 8, 2017, the arbitrator issued an award in favor of Prospect and against Palagi in the sum of $23,120. Thereafter, on August 3, 2017, the arbitrator issued an award in favor of Prospect and against Wheat in the sum of $46,240, a sum that represented the amount of liquidated damages due under the agreement. The arbitrator found the agreement between Wheat and Prospect was valid and enforceable and had been breached.

### Interpleader Action

Eight days after the first arbitration award was issued, Wheat, still represented by Palagi, filed what was styled an interpleader action in the district court for Douglas County. The complaint alleged Palagi was in possession of $8,840 to which both Wheat and Prospect claimed entitlement. The complaint also alleged the agreement between Wheat and Prospect was invalid and unenforceable for a variety of reasons, including that Prospect was not registered to transact business in Nebraska, the agreement did not comply with Nebraska's Nonrecourse Civil Litigation Act,[2] and the

---

[2] Neb. Rev. Stat. §§ 25-3301 to 25-3309 (Reissue 2016).

- 775 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

interest rate charged was usurious. The complaint requested an order directing the disputed sums to be deposited with the court pending further determination of the proper allocation of the funds, and also asking the court to determine the validity of the agreement and enjoin Prospect's collection efforts in the meantime. Palagi amended the complaint on June 27, 2017, to include the Palagi law firm as a party plaintiff and filed a second amended complaint on November 16 to correct Prospect's legal name. Neither the original, amended, nor second amended complaint mentioned the arbitration proceedings, and none requested the awards be vacated, modified, or corrected.

On November 20, 2017, Prospect filed an answer raising the affirmative defense of "[a]rbitration and [a]ward" and, in a counterclaim, seeking judicial confirmation of the arbitration awards. At the same time, Prospect filed a motion to confirm the arbitration awards pursuant to 9 U.S.C. § 9 of the FAA. Prospect also moved for summary judgment on the amended complaint, arguing that there was no genuine issue of material fact and that Prospect was entitled to judgment as a matter of law on its affirmative defense of arbitration and award.

A hearing on Prospect's motions was held January 22, 2018. Prospect offered an affidavit which included the agreement, the arbitration notices, and the arbitration awards. This evidence was received without objection, and no evidence was offered in opposition. Neither Wheat nor Palagi argued they lacked notice of the arbitration proceedings or awards.

During the hearing, the judge observed that the operative complaint appeared to be focused on rescinding or voiding the agreement, remarking, "I'm concerned . . . about why the arbitration award was not addressed within the appropriate time frame." Wheat's counsel responded it was the plaintiffs' position that "the overall contract . . . was void" and that therefore, Prospect "could not go forward with arbitration on a void contract." The court received the parties' briefing and took the motions under advisement.

- 776 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

Seven days later, while the motions were still under submission, Palagi filed a motion to withdraw as Wheat's counsel, citing a conflict of interest. At the same time, Wheat and Palagi filed a motion seeking leave to further amend their complaint "to make it clear that [Wheat and Palagi have] been and [are] moving the Court to vacate, modify or correct the arbitration award as described in the [FAA]." The motion for leave to amend was noticed for hearing on February 13, 2018, but did not ask the court to defer ruling on Prospect's motions for confirmation and summary judgment.

On February 2, 2018, the district court entered an order granting Prospect's motion to confirm the arbitration awards and also granting Prospect's motion for summary judgment. The court found the agreement was governed by the FAA, reasoning that it involved interstate commerce and that the parties had expressly agreed the FAA would apply. The court went on to hold:

> [Wheat and Palagi] do not contend that they sought to vacate, modify, or correct the arbitration award within the three months provided by the FAA. Instead, [they] argue that there is a genuine issue of material fact as to whether the . . . [a]greement is void under Nebraska law. However, attempts to challenge the arbitration awards are required to have been filed within three months of the awards. [Wheat and Palagi] did not do so. [Their] Complaint ignores the arbitration clause and awards in their entirety. [They] did not seek to have the arbitration awards set aside within the time limits prescribed by the FAA. They have waived any defenses to enforcement of the arbitration awards and the arbitration awards are subject to confirmation.

The court thus granted both the motion to confirm and the motion for summary judgment on the operative complaint. The court's February 2 order provided:

> [Prospect's] Motion to Confirm Arbitration Awards and Motion for Summary Judgment are granted. The Court

- 777 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

orders that judgment be entered in the amount of $46,240
in favor of Prospect . . . and against Wheat and in
the amount of $23,140 in favor of Prospect . . . and
against Palagi. [Prospect's] motion for summary judgment
on [Wheat and Palagi's] claim is granted. [Wheat and
Palagi's] claim is dismissed with prejudice.

The February 2, 2018, order did not address Palagi's pend-
ing motion to withdraw as Wheat's counsel or the pending
motion to further amend the complaint, neither of which had
yet proceeded to hearing. But 11 days later, on February 13,
a hearing on both these motions was held as originally sched-
uled. At that hearing, Wheat and Palagi also moved the court to
alter or amend the February 2 judgment.

In an order entered February 15, 2018, the district court
overruled all pending motions. It overruled the motion to
amend the complaint, finding that the proposed amendment
would not create a triable issue of fact. It overruled the motion
to alter or amend the judgment entered February 2, reasoning
the motion was not brought within 10 days as required by Neb.
Rev. Stat. § 25-1329 (Reissue 2016). And it found Palagi's
motion to withdraw was moot because the case was effec-
tively concluded.

A timely notice of appeal was filed, and we moved the case
to our docket on our own motion.

ASSIGNMENTS OF ERROR

Wheat and Palagi assign, restated, that the trial court erred
in (1) granting Prospect's motion for summary judgment before
discovery was concluded and (2) failing to find the agree-
ment was invalid and unenforceable for any of the following
reasons: (a) Prospect was not properly registered to transact
business in Nebraska, (b) the agreement is usurious and vio-
lates Neb. Rev. Stat. § 45-105 (Reissue 2010), (c) the agree-
ment's liquidated damages provision violates public policy,
(d) the agreement does not comply with the Nonrecourse Civil

- 778 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

Litigation Act,[3] and (e) the agreement is champertous and violates public policy.

## STANDARD OF REVIEW

[1] In reviewing a decision to vacate, modify, or confirm an arbitration award under the FAA, an appellate court is obligated to reach a conclusion independent of the trial court's ruling as to questions of law.[4] However, the trial court's factual findings will not be set aside on appeal unless clearly erroneous.[5]

[2,3] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[6] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[7]

## ANALYSIS

[4] Before addressing the arbitration issues raised by the parties, we must decide whether our analysis is governed by Nebraska's Uniform Arbitration Act (UAA), or by the FAA. Arbitration in Nebraska is governed by the FAA if it arises from a contract involving interstate commerce; otherwise, it is governed by the UAA.[8]

[5] When determining if an arbitration clause is governed by the UAA or the FAA, the initial question is whether the parties'

---

[3] See §§ 25-3301 to 25-3309.

[4] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995).

[5] *Id.*

[6] *Colwell v. Mullen*, 301 Neb. 408, 918 N.W.2d 858 (2018).

[7] *Id.*

[8] *State v. Henderson*, 277 Neb. 240, 762 N.W.2d 1 (2009).

- 779 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

contract evidences a transaction "'"'"involving commerce"'"'" as defined by the FAA.[9] That is because the FAA applies to any "written provision in . . . a contract evidencing a transaction involving commerce."[10]

The U.S. Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power."[11] Because Congress' Commerce Clause power may be exercised in individual cases without showing any specific effect upon interstate commerce where in the aggregate the economic activity in question would represent a general practice subject to federal control, the same must be said for application of the FAA.[12] This concept was reinforced by the Court in *Citizens Bank v. Alafabco, Inc.*,[13] which held the FAA applies "if in the aggregate the economic activity in question would . . . bear on interstate commerce in a substantial way."

In the instant case, we agree with the district court that the FAA governs the parties' agreement. Neither party argues to the contrary. The parties specifically contracted for the FAA to apply, and "[n]o elaborate explanation is needed . . ."[14] to show that an agreement between a foreign company and a Nebraska resident to purchase rights involving personal injury settlement funds affects interstate commerce.

---

[9] *Wilczewski v. Charter West Nat. Bank*, 295 Neb. 254, 260, 889 N.W.2d 63, 68 (2016) (quoting *Aramark Uniform & Career Apparel v. Hunan, Inc.*, 276 Neb. 700, 757 N.W.2d 205 (2008), quoting 9 U.S.C. § 2).

[10] 9 U.S.C. § 2.

[11] *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56, 123 S. Ct. 2037, 156 L. Ed. 2d 46 (2003) (quoting *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995)).

[12] *Wilczewski, supra* note 9.

[13] *Citizens Bank, supra* note 11, 539 U.S. at 57.

[14] *Id.*, 539 U.S. at 58. See, also, *Wilczewski, supra* note 9.

- 780 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

We thus consider the issues raised in this appeal within the framework of the FAA. We first consider the challenges to the validity and enforceability of the agreement and then address the argument that summary judgment was entered prematurely.

### Judicial Confirmation

In all but their first assignment of error, Wheat and Palagi argue the underlying agreement between Wheat and Prospect was invalid and unenforceable. They assert a number of reasons why the agreement was unenforceable, only some of which were presented to the district court. Due to the procedural posture of this case, we do not address the merits of any of these arguments because, as explained below, the validity and enforceability of the underlying agreement was not before the district court on the motion to confirm arbitration.

This is not a case in which the district court was asked to consider the enforceability of the arbitration provisions in the context of a motion to compel arbitration or a request to stay litigation pending arbitration. Instead, as the district court found, the arbitration agreement was not mentioned at all in this case until after the arbitration proceedings had been completed and awards had been entered. Given that procedural posture, the court's role regarding the arbitration was limited.

[6] When arbitration has already occurred and a party seeks to vacate, modify, or confirm an award, a court's role is limited by the act governing the agreement.[15] Where, as here, the FAA governs the agreement, the court's role is strictly confined by 9 U.S.C. §§ 9 through 11 of that act.[16] As the U.S. Supreme Court has explained, 9 U.S.C. §§ 10 and 11 provide the exclusive regimes of judicial review for agreements governed by

---

[15] See *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008).

[16] *Id.*

- 781 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

the FAA.[17] And motions to vacate, modify, or correct an award pursuant to §§ 10 or 11 are governed by 9 U.S.C. § 12, which states in part that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

The second amended complaint was filed November 16, 2017, several months after the arbitration awards were issued, yet it did not mention the arbitration proceedings or seek to modify, correct, or vacate the awards. Neither the original complaint, the amended complaint, nor the second amended complaint mentioned the arbitration proceedings at all, and none sought any relief related to the arbitration proceedings.

Instead, the first time arbitration was raised in this litigation was on November 20, 2017, when Prospect filed its answer alleging the arbitration awards as an affirmative defense and simultaneously moved to confirm the awards and moved for summary judgment on the interpleader complaint. By this time, the 3-month time limit for moving to judicially vacate, modify, or correct the arbitration awards had lapsed, and no one contends otherwise. Rather than moving to vacate the arbitration awards, Wheat and Palagi continued to focus their efforts on litigating the validity and enforceability of the overall agreement. Eventually, while the motions to confirm the awards and grant summary judgment were under submission, Wheat and Palagi sought leave to amend their operative complaint to include a request to vacate the arbitration awards, but the district court denied such amendment as futile, and no error has been assigned to that ruling on appeal.

If Wheat and Palagi had filed a timely motion to vacate the awards, the legal analysis required by the district court would have been different. But this case does not require analysis

---

[17] *Id.*

- 782 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

of whether any grounds exist for vacating the awards against Wheat and Palagi, because there has been no timely motion seeking such relief. As such, the district court correctly found it was constrained by § 9 of the FAA, which states in relevant part:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

The U.S. Supreme Court has said § 9 "carries no hint of flexibility."[18] It has explained that pursuant to § 9:

> On application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies.[19]

Thus, when Prospect moved to confirm the arbitration awards, the district court was required to grant that motion "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."[20]

In *Hartman v. City of Grand Island*,[21] a case governed by the UAA, we considered similar circumstances. There, we affirmed a district court order confirming an arbitration award where the party opposing the confirmation had not filed a timely motion to vacate, modify, or correct the award as permitted under the UAA. We noted the limited role of the court was to confirm

---

[18] *Hall Street Associates, L. L. C.*, *supra* note 15, 552 U.S. at 587.

[19] *Id.*

[20] 9 U.S.C. § 9.

[21] *Hartman v. City of Grand Island*, 265 Neb. 433, 657 N.W.2d 641 (2003).

- 783 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

the award under such circumstances,[22] and we did not address the merits of challenges being raised to the validity or enforceability of the award. We explained that where arbitration is concerned, "'"the courts are not equipped to provide the same judicial review given to structured judgments defined by procedural rules and legal principles. Parties should be aware that they get what they bargain for and that arbitration is far different from adjudication."'"[23]

Similar provisions under the FAA required the district court to confirm the arbitration awards when no timely motion to vacate, modify, or correct the awards had been filed.[24] On this record, the district court correctly found that Prospect was entitled to confirmation of the arbitration awards, and no error has been assigned to that confirmation on appeal.

Instead, Wheat and Palagi's assignments of error focus on a myriad of legal challenges to the validity and enforceability of the underlying agreement. But they ignore that these issues have already been resolved against them in binding arbitration, and they did not thereafter seek to vacate, modify, or correct the arbitration award within the time period permitted under the FAA. Given the procedural posture of this case, the assignments of error raised by Wheat and Palagi challenging the validity and enforceability of the underlying agreement lack merit and are premised on a fundamental misunderstanding of the limited role of the court once an arbitration award is entered, a motion to confirm is filed, and there has been no timely motion to vacate, modify, or correct the award.

---

[22] *Id*. at 437, 657 N.W.2d at 645 ("'[w]ithin sixty days of the application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 25-2613 and 25-2614,'" quoting Neb. Rev. Stat. § 25-2612 (Reissue 2016)).

[23] *Id*. at 437-38, 657 N.W.2d at 645-46.

[24] 9 U.S.C. § 9.

- 784 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
RONALD J. PALAGI, P.C. v. PROSPECT FUNDING HOLDINGS
Cite as 302 Neb. 769

### Summary Judgment Was Not Premature

In their remaining assignment of error, Wheat and Palagi claim the district court erred in granting summary judgment before discovery had been completed. They argue generally that the motion was ruled on before they had "the opportunity to complete reasonable, relevant discovery,"[25] but they do not identify what discovery was incomplete or otherwise challenge the granting of summary judgment. We confine our analysis accordingly.

[7] Neb. Rev. Stat. § 25-1335 (Reissue 2016) provides a safeguard against an improvident or premature grant of summary judgment,[26] but Wheat and Palagi did not, at any time before the court ruled on the summary judgment motion, seek to invoke the protections of that statute, which provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

[8] We have explained that "[a]s a prerequisite for a continuance, or additional time or other relief, a party is required to submit an affidavit stating a reasonable excuse or good cause for the party's inability to oppose a summary judgment motion."[27] Such affidavits should specifically identify the relevant information that will be obtained with additional time and indicate some basis for the conclusion that the sought information actually exists.[28]

---

[25] Brief for appellants at 6.

[26] See *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018).

[27] *Gaytan v. Wal-Mart*, 289 Neb. 49, 55-56, 853 N.W.2d 181, 191 (2014).

[28] *Lombardo, supra* note 26.

Here, no such motion or showing was made before Prospect's motion for summary judgment was submitted to and ruled on by the district court. We can find no abuse of discretion in failing to grant a continuance that was never requested. This assignment of error is meritless.

## CONCLUSION

Wheat and Palagi assert assignments of error challenging the validity and enforceability of the agreement between Wheat and Prospect. But the validity and enforceability of that agreement was determined in binding arbitration. Wheat and Palagi did not participate in the arbitration or ask the district court to enjoin the arbitration, and once awards were entered against them, they did not move to vacate, modify, or correct those awards within the time permitted by the FAA. As such, when Prospect moved to confirm the arbitration awards under § 9 of the FAA, the district court was required by the FAA to do so. Finding no merit to the assignments of error, we affirm the judgment of the district court.

AFFIRMED.

MILLER-LERMAN and PAPIK, JJ., not participating.