*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0117P (6th Cir.)
File Name: 03a0117p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

M & C CORPORATION, a
Michigan Corporation, d/b/a
Connelly Company,
   *Plaintiff-Appellee,*

   *v.*

ERWIN BEHR GMBH &
COMPANY, KG, a Foreign
Corporation,
   *Defendant-Appellant,*

HEINZ ETZEL, et al.,
   *Defendants.*

No. 01-1949

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 91-74110—Paul V. Gadola, District Judge.

Argued: June 12, 2002

Decided and Filed: April 21, 2003

---

2  *M & C Corp. v. Erwin*  No. 01-1949
  *Behr GmbH & Co.*

Before: KEITH and DAUGHTREY, Circuit Judges;
    MARBLEY, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Larry J. Saylor, MILLER, CANFIELD, PADDOCK & STONE, Detroit, Michigan, for Appellant. Russ E. Boltz, RUSS E. BOLTZ P.C., Rochester, Michigan, for Appellee. **ON BRIEF:** Larry J. Saylor, MILLER, CANFIELD, PADDOCK & STONE, Detroit, Michigan, for Appellant. Russ E. Boltz, RUSS E. BOLTZ P.C., Rochester, Michigan, John C. Louisell, TIMMIS & INMAN, Detroit, Michigan, for Appellee.

---

**OPINION**

---

PER CURIAM. This case is before us on appeal for the third time since an international arbitrator rendered an award in favor of the plaintiff, M & C Corporation. That award was confirmed by the district court, and judgment was entered. The instant appeal arises from a dispute regarding enforcement of a specific portion of the award. The defendant, Erwin Behr GmbH & Co., KG, interprets the award one way, and the plaintiff interprets it another. The district court initially had found the award to be unambiguous but, after attempting to determine the precise amount owed under the award, held that the award was "unclear as to its application" and entered an order of remand to the original arbitrator to clear up the problem. Behr appeals from this order, arguing that remand is inappropriate and that it has satisfied the award. In response, M & C contends that the

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

district court's order of remand is not a "final order" and that this court therefore has no jurisdiction over Behr's appeal. In addition, M & C argues that remand is appropriate.

For the reasons set out below, we conclude that we have jurisdiction over Behr's appeal but that we are unable to review the order of remand on its merits because the district court failed to identify in what respect(s) the arbitration award was ambiguous and in need of clarification. Without this guidance, we cannot determine whether remand is proper and, moreover, the arbitrator would be left to speculate about how to interpret the award. Hence, we find it necessary to remand this case to the district court for further clarification.

### FACTUAL AND PROCEDURAL BACKGROUND

The procedural history of the case through its last trip to this court is detailed in *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 143 F.3d 1033 (6th Cir. 1998) (*Behr II*):

M & C Corporation, a Michigan Corporation doing business as the Connelly Company, entered into a contract on March 18, 1985, with Behr, a German limited liability corporation. According to the terms of the parties' agreement, M & C was to serve as the exclusive sales agent for Behr in the United States and Canada for a period of at least five years for the sale of wood interior panels for luxury automobiles. The contract specified that the "agreement shall be interpreted with and governed by the laws of the State of Michigan," and that "[a]ll disputes arising in connection with the present contract shall be finally settled under the Rules of the Court of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules."

In 1991, Behr, in accordance with the provisions of the contract, terminated the parties' agreement. However, when, pursuant to contract, Behr failed to forward to M & C the commissions earned for some of the sales and

client development work it had performed, M & C brought suit in the federal district court. Pursuant to the parties' agreement, the district court stayed any judicial proceedings and ordered the parties to submit the dispute to arbitration.

Following the issuance of the Arbitration Award, M & C sought confirmation of the award in the federal district court pursuant to 9 U.S.C. § 207, and in accordance with the provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, otherwise known as the New York Convention. See 9 U.S.C. § 201. On August 15, 1994, the district court adopted the recommendation of the magistrate judge and confirmed and entered judgment on awards one through and eight through ten. On March 20, 1995, the district court once again adopted the magistrate judge's recommendation and confirmed and entered judgment on awards seven and eleven.

In *Behr I*, we affirmed the judgment of the district court in confirming the arbitral award. However, while *Behr I* was pending before this Court, M & C moved in the district court to enforce various arbitral awards, including award eight, which is the subject of dispute in this appeal. The district court found that Behr had failed to specifically perform the obligations imposed under award eight and that as a result, Behr's actions "directly violate[d] the terms of the arbitral award and this court's [district court] August 15, 1994 order confirming that award." Behr was thereafter held in contempt.

Subsequent to this court's judgment to affirm in *Behr I*, Behr paid M & C $2,165,871.00, in satisfaction of awards, four, five, seven, ten and eleven. However, Behr continues to contest the amount due under award eight. Award eight does not require the payment of a specific monetary amount, rather the award requires Behr to provide M & C with documentation for sales of certain

products and to pay commissions on the future sales of these products. The contract referenced in award eight requires Behr to pay commissions on "all new orders which are not renewal or extensions orders, received from customers within three years following the date of termination."

Behr sought stay of enforcement proceedings "because the amounts owing on that disputed award have not been reduced to judgment." Behr contends that the parties disagree over the interpretation of the word "order" and that because the issue was not addressed by the arbitrator, a stay is appropriate.

The district court in its initial determination, ruled that a stay of enforcement pending arbitration was not warranted because Behr had not raised a good faith dispute that had not been previously decided in arbitration. However, upon Behr's motion for reconsideration, the district court determined that Behr had raised a good faith issue of what constitutes an "order" under the commission contract, and that the prior arbitration award had not addressed that issue. M & C appeals, and this Court now reverses, the district court's order.

*Behr II*, 143 F.3d at 1035-36.

Before reversing the district court's stay order pending arbitration of the meaning of "order," in *Behr II* we considered the question of our jurisdiction to hear the appeal. Behr, the appellee, argued that the court lacked jurisdiction to review an order staying enforcement proceedings and compelling arbitration. We disagreed, and we held that "[a]s a matter of form, the '*stay* of proceedings' appears interlocutory, but, in essence, it is a final order staying the enforcement of a judgment that has already been arbitrated, confirmed, judgment entered, and affirmed by this court." *Id.* at 1037 (emphasis in original).

After concluding that we had jurisdiction, we then considered M & C's challenge to the district court's stay order regarding what constituted an "order" within the meaning of the duly rendered – and already confirmed – arbitration award. Although acknowledging that "[a]n ambiguous award may not be enforced but should be remanded to the arbitrator," *id.* at 1038, a majority of the panel concluded that "the award is not ambiguous, and the district court's remand to arbitration was not proper," *id.* at 1039. Specifically, the majority held:

> The arbitrator's opinion clearly determined that pursuant to the parties' agreement, the payment of commissions is tied to the receipt of "all new orders . . . received from customers within three years following the date of termination . . . . *but* which were actively solicited by [M & C] from the Customers prior to the date of said termination." (Emphasis added.) As read, there is a two-fold requirement in the arbitrator's award: 1) the "order" must be received prior to the three years following termination of the contract; and 2) such an order must have materialized as a result of the "active [ ] solicit[ation]" by M & C prior to the termination of the contract.
>
> The only ''order" the arbitrator could have referred to was the form entitled "Purchase Order," not a form entitled "Material Release."

*Id.* at 1039. In response to Behr's argument that it was the customer's payment of money that triggered M & C's right to commission, and not the customer's order, the court noted that "the arbitrator's award clearly indicates that the payment of commissions is not subject to the three-year limitation." *Id.* at 1040. In addition – in language that would emerge as part of the dispute that has become *Behr III* – the court stated:

> [E]ven if we assume Behr's proposition to be true, it was still the active solicitation of M & C prior to contract

termination which resulted in the receipt of Purchase Orders during the three-year time frame, and it was the release of those "new [purchase] orders" which triggered the receipt of money from the customer and the "commission payment[s] during 'life of the part.'"

*Id.* On this basis, a majority of the panel reversed the district court.

A third member of the *Behr I* panel dissented from the latter holding, concluding that the meaning of the term "order" should be resolved by the arbitrator and not the court:

I cannot agree with the majority that the arbitration award is "clear." I conclude that Behr has raised an arbitral issue that was not addressed in the prior arbitration and, therefore, I would affirm the district court's stay pending arbitration of the new issue. . . .

* * * * *

Because the award did not consider what constitutes an "order" under the contract, in order to determine the amount of commissions due, the court must go outside the award to interpret it, which it cannot do. *Cleveland Paper Handlers v. E.W. Scripps Co.*, 681 F.2d 457, 459-60 (6th Cir. 1982) (In enforcement actions, "courts may not [go] beyond an award to decide questions that the arbitrator did not decide."). That is, in order to resolve this new dispute, the court would have to construe the contract, which is precisely what this court *must not* do, because the parties agreed that any dispute arising under the contract is subject to arbitration. Therefore, I believe that the Eighth Award is unenforceable and that the dispute over the meaning of "orders" is a new dispute subject to arbitration.

I am led to this conclusion by the Supreme Court's pronouncement that "any doubts concerning the scope of arbitrable issues should be resolved in favor of

arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941-42, 74 L.Ed.2d 765 (1983). This "healthy regard for the federal policy favoring arbitration," combined with the court's lack of jurisdiction under the New York Convention to modify an international arbitral award, 9 U.S.C. § 207, requires that the meaning of "orders" as used in the Eighth Award be arbitrated instead of judicially determined. *Id.* at 24, 103 S. Ct. at 941.

*Behr II*, 143 F.3d at 1041 (Daughtrey, J., dissenting) (emphasis in original).

### *The Procedural Path to Behr III*

Unfortunately, the majority's ruling in *Behr II* did not bring to termination the seemingly endless litigation in this case. The procedural posture and issues currently before us continue to reflect the parties' dispute over the amount due, if any, from Behr to M & C under the terms of the Eighth Award under the original arbitration award.

Following the decision in *Behr II*, defendant Behr moved for partial satisfaction of the judgment for all amounts due under the Eighth Award on the 1994 K Special parts. In the motion, Behr represented that it paid M & C $468,163.42 in commissions and post-judgment interest "on all purchase orders for 'K Special' parts for the 1994 model year," which, it argued, "fully satisfies all sums due for '1994 K Special' parts under the Eighth Award as interpreted by the Sixth Circuit." The district court denied the motion. *See M & C Corp. v. Erwin Behr GmbH & Co.*, 34 F. Supp.2d 543, 547 (E.D. Mich. 1999). After M & C moved for clarification of what Behr owed on the Eighth Award, the district court amended its prior opinion to include the following language:

Accordingly, the Sixth Circuit's holding that M & C is entitled to commissions for the "life of the part" means that M & C is entitled to commissions on any material release for each "1994 K Special" part order pursuant to

any Purchase Order which was issued by General Motors Corporation to Behr prior to March 18, 1994.

Order Granting Plaintiff's Motion for Reconsideration, No. 91-74110, Feb 22. 1999.

The district court's clarification of the Sixth Circuit's interpretation of Behr's obligation under the Eighth Award did not end the matter, however, because Behr filed yet another motion for partial satisfaction of judgment, contending that it had actually overpaid M & C by over $200,000. According to Behr, it did not owe commissions to M & C on certain lines of parts (specifically, the 1996 EK parts and 1997 K parts) because they were ordered by General Motors more than three years after the termination of the contract between M & C and Behr and were not therefore "actively solicited" by M & C. In response, M & C cited a reference in *Behr II* to Behr's obligation to pay commissions during the "life of the part" and argued that "commissions were payable for the life of the part program whenever those orders were renewed or extended." M & C argued that the 1996 EK parts and 1997 K parts were essentially the same as those parts for which M & C actively solicited orders and that a simple name-change did not justify depriving M & C of a commission:

> Regardless of whether Behr and GM chose to *identify* parts with a yearly label, e.g. "1994 K Special" or "1996 EK," all such parts were either renewals or extensions of old orders, new orders, or renewals or extensions of new orders. Adding a "year" tag to a part program name -- adding "1996" to "K Special" does not make the *program* any different. It does not matter what Behr and General Motors, for their own reasons, choose to call the parts sold.

The district court referred Behr's motion to a magistrate judge, who rejected M & C's argument and ruled in favor of Behr:

> [M & C's] life-of-the-part theory blurs the distinction between paragraph 7.2 of the Agreement, which refers to extension and renewal orders "for the same individual items" with no time limitation, and Paragraph 7.3, which refers to "new orders . . . received within three (3) years" of termination. It would also render the 3 year language meaningless . . . .

> Thus, regardless of whether the 1996 EK or 1997 K Special parts were "actively solicited' by Plaintiff before termination, if Defendant has paid commissions on all parts which were ordered before March 18, 1994, it has fulfilled its obligation under the Eighth Award.

Magistrate Judge's Report and Recommendation, No. 91-74110, Feb. 23, 2000. Following M & C's objections to the magistrate judge's report and recommendation, the district court adopted it in part. Noting that it had been "instructed" by the Sixth Circuit in *Behr II* to "enforce the award, rather than remand it to the arbitrator, if the opinion and award, read together are not ambiguous," the district court expressly agreed with the magistrate judge that the opinion and award were not ambiguous, stating:

> This Court agrees with and accepts the Magistrate Judge's recommendation that "the only commission to which M & C is entitled are those on parts ordered (through blanket Purchase Orders) within three years after the 1991 termination." The arbitrator's award clearly applies to only those parts specifically listed under "1991 Model Year Business", "1992 Cadillac Business," and "1994 Cadillac 'K' Car Series" in the arbitrator's award. The language that "it is immaterial that there should have been design changes in the parts concerned after the application of the [sales] efforts [of the Agent]" does not expand the scope of "the parts concerned" . . . .

Similarly, the "life of the part" language does not broaden the scope of the parts concerned, as Plaintiff contends.

Order Accepting in Part Magistrate Judge Carlson's Report and Recommendation, No. 91-74110, March 31, 2000 (citations omitted.)

Although the district court "accept[ed] the Magistrate Judge's construction of the award," because M & C "vigorously dispute[d]" the sums represented by Behr to have been paid to date, the court "remain[ed] uncertain of the amount owed." Accordingly, the district judge ordered the parties and the receiver "to submit briefs and exhibits calculating and explaining the amounts allegedly owed and the amounts allegedly paid by Defendants consistent with the Report and Recommendation, this Order, and all prior court orders." The resulting submissions include briefs, responses and replies from various parties, attaching numerous exhibits.

After its order requesting those submissions, the same district court that had earlier held the award to be unambiguous entered its order remanding the matter to the original arbitrator. After recounting the recent procedural history of the case, the district judge expressed understandable exasperation:

The resulting submissions were a mountain of paperwork typical of the filings in this case. Plaintiff and the Receiver argue that Defendants owe in excess of $3 million, while Defendants insist that they owe nothing under the Eight[h] Award. This Court has reviewed the parties' submissions and is unable to determine the proper amount owed by Defendants, if any. *This Court concludes that the Eighth Award is unclear as to its application and the issue of the amount owed under the Eighth Arbitration Award should be remanded to Arbitrator Andrew W.A. Berkeley for a determination of the precise amount owed under that award.*

* * * * *

This Court finds that the Eighth Arbitration Award *does not fully adjudicate an issue that had been submitted*, so the Arbitrator has not exhausted his function as to that issue. Therefore, this Court will remand the Eighth Arbitration Award for *clarification on the amounts owed* under that award. Remanding to the arbitrator under these circumstances simply will require him to complete his duties by applying his reasoning to the facts and does not reopen the merits of the case.

Order of Remand to Arbitrator, No. 91-74110, March 30, 2001. (citations omitted, emphasis added.) Unfortunately, the district court did not specify in what respect the award was "unclear as to its application," nor did the court identify which "issue" (or issues) had not been "fully adjudicate[d]."

### DISCUSSION

**1. Does This Court Have Appellate Jurisdiction?**

The Federal Arbitration Act provides that "[a]n appeal may be taken from . . . a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3). In this circuit, we have made clear that an order deferring to arbitration may be appealable so long as it is *final*. *See Arnold v. Arnold Corp.-- Printed Communications for Bus.*, 920 F.2d 1269, 1276 (6th Cir. 1990) (holding that an order granting a motion to compel arbitration, denying a motion to stay, and dismissing the plaintiff's complaint was final and appealable). The Supreme Court has explained the finality test as follows:

Section 16(a)(3) . . . preserves immediate appeal of any "final decision with respect to an arbitration," regardless of whether the decision is favorable or hostile to arbitration. And . . . the term "final decision" has a well-developed and longstanding meaning. It is a decision

that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment."

*Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000)(citations omitted).

Here, we are presented with a post-arbitration, post-confirmation order, arising in the enforcement context, remanding an arbitration award to the original arbitrator for clarification. M & C has filed a motion to dismiss Behr's appeal from this order for lack of jurisdiction. However, this question seems to have been settled in *Behr II*, in which M & C filed a similar motion, in response to which we held that the district court had entered an appealable "final order staying the enforcement of a judgment that has already been arbitrated, confirmed, judgment entered, and affirmed by this court." 143 F.3d at 1037. In concluding that the district court's order was final, the court distinguished it from stay orders deferring to arbitration that are not normally appealable:

The distinguishing factor in this case is that the district court granted a stay of *enforcement* pending arbitration. Unlike *Arnold* where the motion for stay pending arbitration was granted at the very onset of the filing of the complaint, here, M & C filed its complaint; Behr sought arbitration; the district court granted a motion for stay pending arbitration; arbitration was held; awards were granted in favor of M & C; the district [court] *confirmed* and *entered judgment* on those awards; and all that was left to be done was for the district court to "execute the judgment."

This is not an instance where "the trial of the action" was being stayed until arbitration was held; rather, arbitration was completed, confirmation was granted, and judgment was entered. *See* 9 U.S.C. § 3. It is not as Behr contends that the parties will arbitrate what constitutes an ["]order["] and upon such a determination by the

arbitrator, the parties will seek to "lift the stay, seek confirmation of the decision . . . and enforce the award once it is confirmed. . . ." The district court in its order to stay enforcement did not vacate, set aside or modify its earlier ruling of confirmation and judgment. Indeed it only sought to clarify the award for the limited purpose of assuring an accurate execution of the judgment.

*Id.* at 1036-37 (emphasis in original). Thus, *Behr II* holds that a post-judgment order staying enforcement pending remand to the arbitrator for clarification of an award is final and appealable under 9 U.S.C. § 16(a)(3).

In addition, we have recently addressed the *Behr II* holding in another arbitration decision, *ATAC Corp. v. Arthur Treacher's Inc.*, 280 F.3d 1091 (6th Cir. 2002). There, the plaintiff appealed from the district court's order "'perpetually staying further proceedings and closing the . . . case subject to reopening for good cause shown upon written motion by either party, after completion of the arbitration process.'" *Id.* at 1094. The defendant moved to dismiss the appeal for lack of jurisdiction, arguing that the district court's order staying the proceedings was not a final order. The court identified the "central" issue to be "whether the order below was a § 16(a)(3) 'final decision with respect to an arbitration' or a § 16(b)(1) 'interlocutory order . . . granting a stay' of the proceedings in deference to arbitration." *Id.* at 1095. Applying *Arnold* and *Green Tree*, the court found that "the stay order issued . . . was interlocutory rather than final in nature, and therefore that it is not appealable." *Id.* at 1098. In so holding, the court distinguished and reaffirmed the holding in *Behr II*, emphasizing the post-arbitration, post-judgment, enforcement posture of the prior case:

ATAC argues that this circuit has at least once found an order granting a stay pending arbitration to be a final decision. However, the circumstances were far different in that case, and it is truly the exception that proves the rule. *See M & C Corp. v. Erwin Behr GmbH & Co.*, 143

F.3d 1033 (6th Cir. 1998). The order granting the stay in that case was a post-judgment order after arbitration was completed and confirmed, and after the judgment was entered and affirmed on appeal. Only when a dispute arose over how to calculate one portion of the judgment did the district court enter a stay of *enforcement* of the judgment pending further arbitration of the disputed issue. On appeal of that order, this court held that "the 'stay of proceedings' appears interlocutory, but, in essence, it is [a] final order staying the enforcement of a judgment . . . ." *Id.* at 1037. Arbitration has yet to take place in the instant case. The stay at issue here is actually interlocutory and not just apparently so. The exception carved out in *Erwin Behr* for a post-judgment stay cannot be construed to cover the stay in the instant case, and the language of that opinion itself underscores the fact that 'a stay of proceedings is generally considered interlocutory.' *Id.* at 1036.

*ATAC Corp.*, 280 F.3d at 1098 (emphasis in original).

Hence, there can be no doubt that *Behr II* controls the outcome here. The order remanding the case to the arbitrator must be considered final, and M & C's challenge to this court's appellate jurisdiction must fail. We reach this conclusion even after considering M & C's attempt to distinguish the situation now before us from that in *Behr II*, on three grounds.

According to M & C, the district court in *Behr II* expressly issued a stay of proceedings, while in the instant scenario the district court's order of remand did not include language respecting a stay. Rather, it simply states that "the issue of the amount owed under the Eighth Arbitration Award is REMANDED" to the arbitrator. Given the post-judgment posture of this case, we conclude that this is a distinction without a difference, one that simply does not affect the outcome. The proceedings remaining before the district court regard *only* enforcement of the confirmed awards. In its

order, the district court effectively determined that enforcement of the Eighth Award was not possible absent clarification from the arbitrator. Assuming the arbitrator is ultimately permitted to clarify his award, the only thing left to be done by the district court will be to enforce its prior judgment confirming the award. It would appear that district court proceedings are effectively, if not expressly, stayed, which makes this case no different from *Behr II*.

Second, M & C contends that the remand in *Behr II* called for "a wholly new arbitration proceeding" and a "new arbitrator," whereas the instant remand requires "a clarification only" by "the same arbitrator." Assuming M & C's representation about the remand in *Behr II* is correct, there is absolutely nothing in *Behr II* to suggest that these factors dictated the result. In *Behr II*, we did not rest any part of our jurisdictional holding on the assumption that the contemplated remand would supposedly involve a different arbitrator. More importantly, the treatment of the scope of the remand in *Behr II* is remarkably similar to that of the remand at issue now before us, which "remand[ed] the Eighth Arbitration Award for clarification on the amounts owed under that award." In *Behr II*, we characterized the order before us as follows:

It is not as Behr contends that the parties will arbitrate what constitutes an ["]order["], and upon such a determination by the arbitrator, the parties will seek to "lift the stay, seek confirmation of the decision . . . and enforce the award once it is confirmed." *The district court . . . only sought to clarify the award for the limited purpose of assuring an accurate execution of the judgment.*

143 F.3d at 1037 (emphasis added). Accordingly, M & C's attempt to distinguish *Behr II* based upon the scope of the remand at issue there is unpersuasive.

Finally, M & C suggests that the district court's most recent remand order is not appealable because there is much "left to be done" at the district court level beyond the remand. According to M & C, remand to the arbitrator "would lead inexorably to issuance of a supplemental award, which then could lead to further confirmation or vacation in the district court and, if necessary, an appeal to this Court that to [sic] finally resolve all challenges to district court orders." But this argument logically applied with *at least* the same force to the remand in *Behr II* and, relying on the post-judgment posture of the matter, we nevertheless held the remand order to be final. Indeed, this argument must have applied with *more* force in *Behr II*, because, as M & C has argued elsewhere, that remand evidently contemplated "a wholly new arbitration proceeding" and a "new arbitrator." At bottom, M & C's argument that the instant remand will inevitably lead to a *new* award requiring further confirmation is unsupported and inconsistent with the language of the district court's remand order.

## 2. Did The District Court Err By Entering Its Order Of Remand?

The bulk of Behr's brief is spent making a complex, fact-intensive argument that it has paid M & C all commissions due under the Eighth Award. According to Behr, the district court's principal error was in failing to grant Behr's motion for partial satisfaction of the judgment. This argument is premature and, in our judgment, misses the point. The district court did not expressly *deny* Behr's motion for partial satisfaction of the judgment. Instead, it is apparent that the court was in the process of determining whether Behr had satisfied the judgment when it encountered an ambiguity in the award, necessitating a remand to the arbitrator. That brings us to the most pressing question raised by this appeal: whether that remand was proper. Behr argues that remand is inappropriate, while M & C disagrees.

"A remand is proper, both at common law and under the federal law of arbitration contracts, to clarify an ambiguous award or to require the arbitrator to address an issue submitted to him but not resolved by the award." *Green v. Ameritech Corp.*, 200 F.3d 967, 977 (6th Cir. 2000). The authority to order a remand derives from a recognized exception to the *functus officio* doctrine, which holds that an arbitrator's duties are generally discharged upon the rendering of a final award, when the arbitral authority is terminated. *See id.* at 976-77. However, "'[w]here the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify.'" *Id.* at 977 (quoting *La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 573 (3rd Cir. 1967)). *See also Hyle v. Doctor's Assoc.*, 198 F.3d 368, 370 (2d Cir. 1999) ("[A] district court can remand an award to the arbitrator for clarification where an award is ambiguous.").

The propriety of remanding an ambiguous award to the arbitrator is reenforced by the strong federal policy favoring arbitration. *See Behr II*, 143 F.3d at 1041 (Daughtrey, J., dissenting) ("I am led to th[e] conclusion [that remand of ambiguous award was proper] by the Supreme Court's pronouncement that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration'") (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24-25 (1983)); *Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 58 (3d Cir. 1989) ("A district court itself should not clarify an ambiguous arbitration award but should remand it to the arbitration panel for clarification."). Of course it is true that "[w]hen possible, . . . a court should avoid remanding a decision to the arbitrator because of the interest in prompt and final arbitration." *Publicis Communication v. True North Communications Inc.*, 206 F.3d 725, 730 (7th Cir. 2000). At the same time, however, a court simply should not "engag[e] in impermissible interpretation" of an ambiguous award. *Tri-State Bus. Mach., Inc. v. Lanier Worldwide, Inc.*, 221 F.3d

1015, 1020 (7th Cir. 2000) (reversing and remanding order executing post-arbitration judgment where district court erred in not remanding the ambiguous award to arbitration panel for clarification). *See also Americas Insurance Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir. 1985) ("An ambiguous award should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce."); *Ganey v. Raffone*, No. 90-00871, 1996 WL 382278, at *3 (6th Cir. July 5, 1996) ("There are limited circumstances under which a district court can remand a case to the arbitrators for clarification. While a remand is to be used sparingly, it may be employed to avoid judicial guessing of the meaning of arbitral awards.") (citations and quotations omitted). In short, for a court to engage in guesswork as to the meaning and application of an ambiguous arbitration award is inconsistent not only with federal policy, but also with the parties' own agreement to submit their dispute to arbitration.

In *Behr II*, the majority decided that remand was inappropriate because it determined that the award was *not* ambiguous. There, the portion of the arbitrator's award subject to dispute was easily identified: The district court determined that "Behr had raised a good faith issue of what constitutes an 'order' under the commission contract, and that the prior arbitration award had not addressed that issue." *Behr II*, 143 F.3d at 1036. Here, on the other hand, the district court's order lacks any indication of precisely how the Eighth Award is "unclear as to its application", or which issue submitted to the arbitrator was "not fully adjudicate[d]." Nor with any confidence can we divine the answers from the circumstances; prior to its remand order, the district court had expressly held that the arbitrator's opinion and award were *not* ambiguous with respect to Behr's obligation to pay commissions on the 1996 EK parts and 1997 K parts. If the district court has changed its mind about *this* issue, it needs to say so and explain it. If there is *another* ambiguity in the award that makes enforcement impossible, the district court needs to identify it. Until it does so, we cannot undertake a meaningful review of whether the award is ambiguous or

whether the circumstances are appropriate for a remand to the arbitrator. Moreover, the district court's vague order creates a substantial risk that the arbitrator will have insufficient guidance as to how to clarify its award, creating the potential for yet another journey to the district court, to this court on appeal, and back yet again to the arbitrator. Accordingly, we find it necessary to remand this case to the district court for clarification of the precise issue or issues that remain for the arbitrator on remand.

Because the case will be remanded to the district court, two other issues raised by Behr merit discussion in the interest of judicial economy.

### 3. Should Remand Be To The Same Arbitrator?

Behr argues that, assuming remand was appropriate, it was error for the district court to remand the award to the original arbitrator rather than directing the parties to start the whole process over again before a brand new arbitrator. In making this argument, Behr fails to account for our observation in *Green* that "[c]ourts usually remand to the *original* arbitrator for clarification of an ambiguous award when the award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation." *Green*, 200 F.3d at 977 (emphasis added). The district court characterized its remand order as "simply . . . requir[ing the arbitrator] to complete his duties by applying his reasoning to the facts and . . . not reopen[ing] the merits of the case." Assuming that the district court's revised order on remand is consistent with this characterization, remand to the original arbitrator is the right result.

### 4. Can This International Arbitration Be Remanded?

Hoping to avoid remand, Behr makes a two-pronged argument that remand is improper even if the award is ambiguous. First, Behr contends that the International Chamber of Commerce (ICC) Rules that govern this dispute pursuant to the parties' arbitration agreement do not expressly

permit remand. Behr points out that the 1988 version of the ICC Rules "made no provision for reconsideration, reinterpretation, or remand." According to Behr, remand is therefore disallowed.

However, as M & C points out, Article 35 of the same rules demonstrates that a guiding principal behind the rules is to ensure that the award is ultimately susceptible of enforcement, providing, as it does, that "[i]n all matters not expressly provided for in these rules, the court and the Arbitral Tribunal shall act in the spirit of these Rules and shall make every effort to make sure that the Award is enforceable at law." We read this provision to permit remand in this case, given that clarification by the original arbitrator is critical in order to make the Eighth Award enforceable at law.

Moreover, as M & C indicates, the parties' terms of reference for the arbitration provide that "[w]here the Rules are silent then such rules shall apply as may be made from time to time by the Arbitrator consistent with any mandatory requirement of the law of the place of arbitration . . . ." The "place of arbitration" in this case was London, England, and English law appears to require remand under the circumstances presented by this case. In this regard, M & C points to the English Arbitration Act of 1996, in which Parliament provided that where there is "uncertainty or ambiguity as to the effect of the award," it may be "remit[ted] to the tribunal, in whole or in part." English Arbitration Act of 1996, 1996 Chapter 23, § 68(2)(f) and (3)(a). In the absence of a clear indication that remand is disallowed by the applicable rules, we find no merit to this argument by Behr.

Behr's final argument is based on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). *See* 9 U.S.C. § 201. Behr observes that "[t]he Convention makes no provision for a remand after an arbitration award is rendered." Making this same observation, the district court below concluded in a

separate order entered almost six years ago that it had no authority to order a remand, saying that "[b]ecause the arbitration award is governed by the [New York Convention], and because that convention makes no provision for a remand after an arbitration award is rendered, there is no basis in law for this court to remand." In addition, Behr cites our holding in *Behr I* that the New York Convention applied to prevent a party from moving in the United States courts to *vacate* an arbitration award made in a foreign nation. 87 F.3d at 847.

Contrary to what Behr argues, however, neither the New York Convention itself nor our holding in *Behr I* compels a holding that the district court lacks authority to remand an ambiguous award. First, we note that the New York Convention is utterly silent on the issue, as it is on many other issues dealing with the nuts and bolts of international arbitration procedure. At bottom, a remand of an ambiguous award under the circumstances presented here is not inconsistent with any provision of the New York Convention, and we have been unable to locate any authority suggesting that it is. Moreover, our holding in *Behr I* is inapposite. There, we were faced with a motion to *vacate* a foreign arbitration award and held that the district court lacked jurisdiction to enter such an order because, "[p]ursuant to the Convention, an application for setting aside or suspending an arbitral award may be made only to a 'competent authority of the country in which, or under the law of which, that award was made.'" *Behr I*, 87 F.3d at 847 (quoting New York Convention, Art. VI). Here, by contrast, the parties do not seek to *vacate* the confirmed arbitration award, nor did the district court enter such an order. Rather, the district court ordered a remand so that an award that it determined to be ambiguous could be rendered enforceable.

### CONCLUSION

The district court's order remanding this case to the original arbitrator for clarification of an apparent ambiguity fails to identify the issue or issues that supposedly need the

arbitrator's attention. We cannot conduct a meaningful review of the propriety of the district court's order of remand without a statement by the district court of what it perceives to be the ambiguity in the award. In addition, the arbitrator's job on remand will be needlessly complicated in the absence of clear direction from the district court. Accordingly, we REMAND this case to the district court with instructions to enter an order specifying in what respects the Eighth Award is unclear as to its application.