Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/15/2022 12:09 AM CDT

**Signal 88, LLC, appellant, v.
Lyconic, L.L.C., appellee.**

___ N.W.2d ___

Filed February 4, 2022.    No. S-19-1069.

1.  **Arbitration and Award: Appeal and Error.** In reviewing a decision to vacate, modify, or confirm an arbitration award, an appellate court is obligated to reach a conclusion independent of the trial court's ruling as to questions of law. However, the trial court's factual findings will not be set aside on appeal unless clearly erroneous.
2.  **Courts: Appeal and Error.** Upon reversing a decision of the Nebraska Court of Appeals, the Nebraska Supreme Court may consider, as it deems appropriate, some or all of the assignments of error that the Court of Appeals did not reach.
3.  **Arbitration and Award: Appeal and Error.** Judicial review of an arbitration award is severely limited.
4.  **Arbitration and Award.** When a court modifies or corrects an arbitration award, it shall do so to effectuate the intent of the arbitrator.
5.  **Arbitration and Award: Appeal and Error.** When possible, courts should avoid remanding on the basis of ambiguity because of the interest in prompt and final arbitration.
6.  **Records: Appeal and Error.** Where an ambiguity can be resolved by the record, the district court need not remand for clarification; but where the ambiguity is not resolved by the record, the court must remand for clarification.
7.  **Arbitration and Award: Presumptions: Intent: Appeal and Error.** When an arbitration award is reviewed by a court, every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings.
8.  **Arbitration and Award.** An award does not become so vague and indefinite as to be unenforceable simply because a party can argue that a portion of it may be unclear or ambiguous.

Petition for further review from the Court of Appeals, Bishop, Arterburn, and Welch, Judges, on appeal thereto from the District Court for Douglas County, Marlon A. Polk, Judge. Judgment of Court of Appeals reversed and remanded with directions.

Michael T. Eversden and Brian McKernan, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellant.

Michael S. Degan, of Kutak Rock, L.L.P., for appellee.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ., and Thompson, District Judge.

Funke, J.

## INTRODUCTION

Signal 88, LLC, filed a contract action against Lyconic, L.L.C., in the district court for Douglas County. The district court ordered the dispute to be submitted to arbitration. After the arbitrator rendered a decision, pursuant to Neb. Rev. Stat. § 25-2612 (Reissue 2016), Lyconic moved the district court to confirm the arbitrator's award. Eventually, the court entered judgment on the award.

On appeal, the Nebraska Court of Appeals found the award to be ambiguous, vacated the judgment, and remanded the matter to the district court with directions to remand the matter to the arbitrator for clarification.[1] Lyconic petitioned for further review. For reasons we explain, we find merit to the petition for further review. The Court of Appeals' decision is reversed, and the matter is remanded with directions.

## BACKGROUND

### Contract

Signal 88 is a franchisor that operates a security services franchise system in Nebraska. Lyconic develops software

---

[1] *Signal 88 v. Lyconic*, 29 Neb. App. 533, 956 N.W.2d 308 (2021).

programs for use in the security services industry. In 2011, Lyconic contracted with Signal 88 to provide software and services to assist Signal 88 in operating its business. The initial contract was for a 3-year term, with Signal 88 reserving rights of renewal. Signal 88 would pay Lyconic $25,000 per month for the first 12 months and $30,000 per month for the remaining 24 months. In the event the contract was terminated, Lyconic would provide Signal 88 up to 180 days of posttermination services (termination assistance), in order to "achieve a smooth transition of all records[,] data[,] and services without disruption to [Signal 88's] [b]usiness." Signal 88 would pay for termination assistance at "Lyconic's then current hourly rate."

The parties executed two addendums. "Addendum #1" decreased the service fee from $30,000 to $25,000 per month. "Addendum #2" set a month-to-month term at the renewal rate of $25,000 per month, required 30 days' notice prior to termination, and reduced Lyconic's termination assistance obligation to up to 30 days following termination. Addendum #2 granted Signal 88 the right to extend termination assistance longer than 30 days, provided Signal 88 gave an equivalent amount of notice before termination.

In February 2016, Signal 88 notified Lyconic of its intent to terminate the contract, setting the termination date for June 30. Lyconic then advised it would not renew the agreement beyond the current monthly term, expiring March 6, and would provide termination assistance until April 6. In a March 1 correspondence to Lyconic, Signal 88 disputed Lyconic's notice to terminate and stated it would terminate the agreement July 1, and it requested that termination assistance be extended for 122 days after the termination date.

## ARBITRATION

Signal 88 filed its contract action against Lyconic seeking declaratory and injunctive relief. Pursuant to the terms of the contract, the district court ordered arbitration. On April 25,

2016, the arbitrator issued a written opinion finding Signal 88's March 1 letter effectively terminated the agreement as of July 1. Specifically, the arbitrator stated:

> In providing this notice Signal 88 provided 122 days advance notice and therefore can request an equal amount of days of termination assistance. Accordingly, Lyconic's obligation to provide termination assistance extends 122 days from the termination date, expiring November 11, 2016. Signal 88 is obligated to pay for Lyconic's services at the renewal rate of $25,000 per month.

Thereafter, Signal 88 notified Lyconic that it would not require termination assistance after June 2, 2016.

## District Court Proceedings

On May 5, 2016, Lyconic applied "for an [o]rder confirming the arbitration award and entry of judgment thereon." In its application, Lyconic alleged that the arbitrator determined that "Signal 88 is obligated to pay Lyconic $25,000 per month through November 11, 2016." While that application was pending, Lyconic also filed an answer to the original lawsuit, acknowledging the arbitration award, but including a counterclaim, which it alleged was not resolved by arbitration. Lyconic subsequently amended its counterclaim to add additional allegations that following the arbitrator's decision, but prior to the termination date, Signal 88 hacked into Lyconic's computers, downloaded information, and wrongfully disclosed confidential information.

On May 31, 2016, the court informed the parties in an email that it would grant Lyconic's application to confirm the arbitration award and directed Lyconic to prepare and submit a proposed order. However, no such order was entered.

On August 23, 2019, both parties filed motions labeled as a motion for partial summary judgment. Lyconic's motion asserted that "[t]he arbitrator further determined that Signal 88 was obligated to pay Lyconic *for 122 days of Termination Assistance* at the rate of $25,000 per month." (Emphasis

supplied.) Signal 88's motion sought judgment regarding Lyconic's amended counterclaims.

At a hearing on the motions, the court discussed the language of the arbitration award and stated that although the court agreed with the arbitrator's findings that Signal 88's March 1, 2016, letter terminated the agreement as of July 1 and that Signal 88 was obligated to pay Lyconic during the termination assistance period, the court disagreed with the arbitrator's determination regarding Signal 88's liability. The court explained that under its own interpretation of the parties' agreement,

> termination assistance is not the same as services [and the agreement] does specifically say that Lyconic would be entitled to the then currently hourly rate for the provision of its termination assistance.
>
> So the Court believes that Signal 88 should pay the 122 days of termination assistance at Lyconic's then current hourly rate as provided for in [the agreement].

At the conclusion of the hearing, the district court announced it would grant Lyconic's motion to confirm the award, but would also move forward with a bench trial over Lyconic's counterclaims. Following trial, the court issued an "Order Granting Application for Confirmation of Arbitration Award & Entry of Judgment." The court's order stated: "Lyconic moved for confirmation of the arbitrator's award within the applicable time frame and given that the record does not show that a party moved for vacation, modification or correction of the arbitrator's award, this Court must confirm the award." The court quoted the text of § 25-2612 in full: "Within sixty days of the application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 25-2613 and 25-2614." In confirming the arbitrator's decision, the court's order stated, "[T]he Arbitrator

found that Signal 88 is obligated to pay Lyconic for *122 days of Termination Assistance* at the renewal rate of $25,000 per month." (Emphasis supplied.) The court then proceeded to enter judgment in favor of Lyconic and against Signal 88 in the amount of $109,166.67 with interest accruing at the rate of 1.5 percent per month as of November 26, 2016.

Signal 88 moved for a new trial or to alter or amend the judgment, arguing the court should have simply "confirm[ed] the arbitration decision." At the hearing on the motion, Signal 88 argued the court should grant a "new trial and then remand the issue of termination assistance to the arbitrator to clarify." Signal 88 argued the court "has the power to remand under [Neb. Rev. Stat. § 25-2610 (Reissue 2016)]." The court issued an order denying the motion. Signal 88 appealed.

COURT OF APPEALS

On appeal, Signal 88 assigned and argued that the "trial court erred in modifying rather than simply confirming the arbitration award." Signal 88 argued that by entering a $109,166.67 judgment against it, the trial court had "dramatically exceeded its authority in modifying the arbitration award, and its decision should therefore be reversed."[2] Signal 88 argued that because there was no motion to vacate, modify, or correct the award, "the trial court had no discretion and was required to confirm the award."[3]

Signal 88 also assigned and argued that if Lyconic's position prevailed, then the "trial court erred in not remanding the question of termination assistance to the arbitrator."[4] Signal 88 argued that if the court found the award to be ambiguous, a remand to the arbitrator would still be appropriate.

The Court of Appeals recognized that the district court adopted Lyconic's interpretation of the arbitration decision

---

[2] Brief for appellant at 20.

[3] *Id.* at 22.

[4] *Id.* at 37.

and that the language in the district court's order did not track with the language used by the arbitrator. The court cited our decision in *Cinatl v. Prososki*,[5] in which we held that without a pending application to modify, vacate, or correct an arbitration award, a district court shall confirm the award. The appellate court acknowledged there was no application to modify, vacate, or correct the award, but found the proper issue for resolution in this case was "clarification,"[6] alluding to Neb. Rev. Stat. § 25-2610 (Reissue 2016).

The court determined that the arbitrator's award was ambiguous and, based upon *Domino Group v. Charlie Parker Mem. Foundation*,[7] concluded that the best course was to vacate the judgment and have the district court remand the matter to the arbitrator for clarification.

## ASSIGNMENTS OF ERROR

Lyconic petitions for further review. Lyconic assigns, summarized, that the Court of Appeals erred in reversing, vacating, and remanding the judgment with instructions to refer the matter to the arbitrator and erred in finding ambiguity.

## STANDARD OF REVIEW

[1] In reviewing a decision to vacate, modify, or confirm an arbitration award, an appellate court is obligated to reach a conclusion independent of the trial court's ruling as to questions of law.[8] However, the trial court's factual findings will not be set aside on appeal unless clearly erroneous.[9]

[2] Upon reversing a decision of the Nebraska Court of Appeals, the Nebraska Supreme Court may consider, as it

---

[5] *Cinatl v. Prososki*, 307 Neb. 477, 949 N.W.2d 505 (2020).

[6] *Signal 88, supra* note 1, 29 Neb. App. at 546, 956 N.W.2d at 317.

[7] *Domino Group v. Charlie Parker Mem. Foundation*, 985 F.2d 417 (8th Cir. 1993).

[8] *Signal 88, supra* note 1.

[9] *Id*.

deems appropriate, some or all of the assignments of error that the Court of Appeals did not reach.[10]

## ANALYSIS

[3] Before considering the arbitration issues before us, we note that the parties generally argue that this matter is governed by Nebraska's Uniform Arbitration Act (UAA).[11] As such, we limit our discussion to the UAA. In Nebraska, judicial review of an arbitration award is severely limited.[12] Section 25-2612 provides that "[w]ithin sixty days of the application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 25-2613 and 25-2614." Confirmation of an arbitration award finalizes the award and makes the award a judgment of the court.[13] Upon the granting of an order confirming, modifying, or correcting an award, a judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree.[14]

In the instant matter, everyone agrees that § 25-2612 governs Lyconic's motion to confirm and that there was no request to vacate, modify, or correct the award. Both the trial court and the Court of Appeals recognized this in their analyses. Despite this recognition, neither court followed the legislative commands of § 25-2612 and each court erred, respectively, in

---

[10] *McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019).

[11] Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 2016).

[12] See *State v. Henderson*, 277 Neb. 240, 762 N.W.2d 1 (2009), *disapproved on other grounds, Seldin v. Estate of Silverman*, 305 Neb. 185, 939 N.W.2d 768 (2020).

[13] 86 Am. Jur. *Trials* 111, § 263 (2002 & Supp. 2021), citing *Bacardi Intern. Ltd. v. V. Suarez & Co., Inc.*, 719 F.3d 1 (1st Cir. 2013); *R & Q Reinsurance Co. v. Utica Mut. Ins. Co.*, 18 F. Supp. 3d 389 (S.D.N.Y. 2014).

[14] § 25-2615.

failing to do so. We conclude that the district court erred in modifying rather than confirming the award and that the Court of Appeals, though correct in vacating the judgment, erred in finding the arbitrator's award to be ambiguous and erred in instructing that the matter be remanded to the arbitrator.

Courts must give extreme deference to the arbitrator's conclusions; the standard of judicial review of arbitral awards is among the narrowest known to law.[15] A court may not overrule an arbitrator's decision simply because the court believes that its own interpretation of the contract, or the facts, would be the better one.[16]

The role of the court in the arbitration process is specifically addressed and limited by the UAA.[17] To allow full judicial scrutiny of an arbitration award would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation.[18] Strong deference is due to an arbitrative tribunal, because when parties agree to arbitration, they agree to accept whatever reasonable uncertainties might arise from the process.[19] Where arbitration is contemplated, the courts are not equipped to provide the same judicial review given to structured judgments defined by procedural rules and legal principles. Parties should be aware that they get

---

[15] *Mid Atlantic Capital Corp. v. Bien*, 956 F.3d 1182 (10th Cir. 2020). See *Health Plan of Nevada v. Rainbow Med., LLC*, 120 Nev. 689, 100 P.3d 172 (2004) (citing cases).

[16] *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 133 S. Ct. 2064, 186 L. Ed. 2d 113 (2013); *W. R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 103 S. Ct. 2177, 76 L. Ed. 2d 298 (1983); *Steelworkers v. Enterprise Corp.*, 363 U.S. 593, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960); *Intern. Broth. of Elec. Workers v. O.K. Elec. Co.*, 793 F.2d 214 (8th Cir. 1986).

[17] *Hartman v. City of Grand Island*, 265 Neb. 433, 657 N.W.2d 641 (2003).

[18] *Id*., citing *Jones v. Summit Ltd. Partnership Five*, 262 Neb. 793, 635 N.W.2d 267 (2001).

[19] *Id*.

what they bargain for and that arbitration is far different from adjudication.[20]

In *Cinatl*,[21] this court addressed a court's obligation with respect to confirming an award when there is no pending motion to modify or correct an award. There, the district court denied a timely application to vacate an arbitration award. Several months later, the court granted an amended motion to confirm the arbitrator's award, noting there was no pending motion to modify or correct the award. On appeal, we affirmed and explained that when an arbitration has already occurred and a party seeks to vacate, modify, or confirm an award, an extraordinary level of deference is given to the underlying award itself.[22] We noted that the UAA does not allow for the exercise of discretion by the court when a request for confirmation is made and there is no pending application for vacation, modification, or correction.[23]

In *Garlock v. 3DS Properties*,[24] this court held that the trial court erred in granting one party's request to vacate an arbitration award over another party's request to confirm the award, because no party sought to modify the award and the movant offered no evidence in support of the request for vacatur. Under § 25-2612, "the court *shall* confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award." (Emphasis supplied.) As a general rule, the word "shall" in a statute is considered mandatory and is inconsistent with the idea of discretion.[25]

---

[20] *Id*.

[21] *Cinatl, supra* note 5.

[22] *Id*.

[23] *Id*., citing *Garlock v. 3DS Properties*, 303 Neb. 521, 930 N.W.2d 503 (2019).

[24] *Garlock, supra* note 23.

[25] *Cinatl, supra* note 5.

The present case is reminiscent of this court's decision in *Ronald J. Palagi, P.C. v. Prospect Funding Holdings*,[26] which concerned a motion to confirm an arbitration award under the Federal Arbitration Act. After an arbitration was completed, a personal injury claimant brought an interpleader action regarding settlement proceeds, but did not move to vacate, modify, or correct the award of arbitration. The district court confirmed the award, and the claimant argued on appeal that the arbitration agreement was invalid and unenforceable. We rejected the claimant's arguments, finding they had "ignore[d] that these issues have already been resolved against them in binding arbitration, and they did not thereafter seek to vacate, modify, or correct the arbitration award within the time period permitted under the [Federal Arbitration Act]."[27] We found the claimant's arguments lacked merit, because they were "premised on a fundamental misunderstanding of the limited role of the court once an arbitration award is entered, a motion to confirm is filed, and there has been no timely motion to vacate, modify, or correct the award."[28]

Here, pursuant to § 25-2612, Lyconic requested confirmation of the award on May 5, 2016. The court held a hearing on May 18. In an email, on May 31, the court stated it would grant the application but did not enter an order doing so. Not until September 6, 2019, did the court confirm the award and reduce it to a judgment. When the court did confirm the award, it adopted Lyconic's interpretation of the award, which was inaccurate and was a modification rather than confirmation of the award.

Recall that the arbitrator's award stated, in relevant part, "Lyconic's obligation to *provide termination assistance* extends 122 days from the termination date, expiring November 11,

---

[26] *Ronald J. Palagi, P.C. v. Prospect Funding Holdings*, 302 Neb. 769, 925 N.W.2d 344 (2019).

[27] *Id*. at 783, 925 N.W.2d at 354.

[28] *Id*.

2016. Signal 88 is obligated to pay for Lyconic's *services* at the renewal rate of $25,000 per month." (Emphasis supplied.) However, the district court's order stated, in relevant part, "[T]he Arbitrator found that Signal 88 is obligated to pay Lyconic for 122 days of *Termination Assistance* at the renewal rate of $25,000 per month." (Emphasis suppled.)

Lyconic misconstrued the arbitrator's findings regarding termination assistance, which resulted in the court's entering a monetary judgment against Signal 88. Though, as mentioned, there was no formal motion to modify the award, we agree with Signal 88's argument that by adopting Lyconic's position, the district court modified rather than confirmed the award. We conclude the district court erred in doing so and exceeded the appropriate role of the court under the UAA. The purpose of arbitration is to resolve disputes, not to create new ones.[29]

[4] When a court modifies or corrects an arbitration award, it shall do so to effectuate the intent of the arbitrator.[30] Courts are not to modify or correct matters affecting the merits which reflect the intent of the arbitrator.[31]

Lyconic's misconstruction of the award implied that an ambiguity existed in the court's language that needed to be resolved. The Court of Appeals to an extent accepted Lyconic's framing of the issues when it said that the parties had "simply assert[ed] different interpretations and meanings to the words used by the arbitrator in its award."[32] But a more accurate description of the dispute would be that Lyconic asserted its interpretation, and Signal 88 asserted that

---

[29] *Bell Aerospace Co. Div. of Textron v. Local 516, Int. U., Etc.,* 500 F.2d 921 (2d Cir. 1974).

[30] See *Gen. Acc. Ins. Co. v. MSL Enterprises*, 143 N.C. App. 453, 547 S.E.2d 97 (2001).

[31] *Id*. See, *Gas Aggregation Services v. Howard Avista*, 319 F.3d 1060 (8th Cir. 2003); *Office & Prof. Employees v. Brownsville Gen. Hosp.*, 186 F.3d 326 (3d Cir. 1999).

[32] *Signal 88, supra* note 1, 29 Neb. App. at 543, 956 N.W.2d at 316.

Lyconic's interpretation should be disregarded and the award should be confirmed as intended by the arbitrator. As the Court of Appeals correctly pointed out, "[a]lthough Signal 88 assigns [10] assignments of error, they can generally be restated as claiming that the district court erred by modifying the arbitrator's award, rather than simply confirming it."[33] The appellate court then found the award ambiguous and determined that the district court's confirmation of the award needed to be vacated and the matter resubmitted to the arbitrator to resolve the ambiguity.

Despite there being no explicit provision in the UAA for a remand for an ambiguous award, the Court of Appeals properly noted that § 25-2610 authorizes an arbitrator to clarify an award upon submission by the court. Additionally, case law in other jurisdictions has uniformly established that a remand to the arbitrator is appropriate in cases where the award is ambiguous.[34] An award may be recommitted for clarification where it is ambiguous to such an extent that it is impossible to determine its meaning and intent.[35] "An ambiguous award should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce."[36]

[5,6] However, remand for clarification is not the preferred course.[37] When possible, courts should avoid remanding on

---

[33] *Id.* at 541, 956 N.W.2d at 314.

[34] *M & C Corp. v. Erwin Behr GmbH & Co.*, 326 F.3d 772 (6th Cir. 2003); *Hyle v. Doctor's Associates, Inc.*, 198 F.3d 368 (2d Cir. 1999); *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327 (3d Cir. 1991); *LLT Intern., Inc. v. MCI Telecommunications Corp.*, 69 F. Supp. 2d 510 (S.D.N.Y. 1999).

[35] 6 C.J.S. *Arbitration* § 231 (2016).

[36] *Americas Ins. Co. v. Seagull Compania Naviera*, 774 F.2d 64, 67 (2d Cir. 1985).

[37] See, *Flender Corp. v. Techna-Quip Co.,* 953 F.2d 273, 280 (7th Cir. 1992) ("remand for clarification is a disfavored procedure"); *Colonial Penn Ins. Co., supra* note 34; *Ethyl Corp. v. United Steelworkers of America*, 768 F.2d 180 (7th Cir. 1985); *Gen. Acc. Ins. Co., supra* note 30.

the basis of ambiguity because of the interest in prompt and final arbitration.[38] Where an ambiguity can be resolved by the record, the district court need not remand for clarification; but where the ambiguity is not resolved by the record, the court must remand for clarification.[39]

The record indicates that the parties' agreement obligated Lyconic to provide software services to Signal 88 at the rate of $25,000 per month. Additionally, upon termination of the agreement, Lyconic would provide termination assistance at its then-hourly rate. Nothing in the parties' agreement, the addendums thereto, or the arbitrator's award would support Lyconic's contention that Signal 88 was obligated to pay $25,000 per month for termination assistance. When viewed in context, the record establishes the arbitrator intended its award to merely determine the effective termination date to be July 1, 2016, and that Lyconic was obligated to provide termination assistance until November 11.

[7,8] When an arbitration award is reviewed by a court, every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings.[40] An award does not become so vague and indefinite as to be unenforceable simply because a party can argue that a portion of it may be unclear or ambiguous.[41]

---

[38] *Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274 (7th Cir. 1989).

[39] See, *id*.; *Fischer v. CGA Computer Associates, Inc.*, 612 F. Supp. 1038 (S.D.N.Y. 1985); *Foster v. City of Fairbanks*, 929 P.2d 658 (Alaska 1996); *SCSJ Enters. v. Hansen & Hansen Enters.*, 319 Ga. App. 210, 734 S.E.2d 214 (2012); *Osborn v. Packard*, 117 P.3d 77 (Colo. App. 2004); 2 Martin Domke et al., Domke on Commercial Arbitration §§ 40:10 and 40:11 (3d ed. 2021).

[40] *Kellogg v. Middlesex Mut. Assurance Co.*, 326 Conn. 638, 165 A.3d 1228 (2017). See *Foster, supra* note 39.

[41] *Broth. Ry. Carmen v. Belt Ry. Co. of Chicago*, 658 F. Supp. 136 (N.D. Ill. 1987).

We conclude that the arbitrator's intent was clear, that the award is unambiguous, and that clarification is unnecessary. As such, the Court of Appeals erred in finding the award ambiguous and in ordering a remand to the arbitrator for clarification.

## CONCLUSION

For the foregoing reasons, we reverse the Court of Appeals' decision and remand the matter with directions to vacate the district court's order and instruct the district court to confirm the arbitrator's award as written.

Reversed and remanded with directions.

Papik, J., not participating in the decision.

Miller-Lerman, J., not participating.